TILLMAN v GREAT LAKES TRUCK CENTER, INC

Docket No. 274937. Submitted October 2, 2007, at Lansing. Decided
    October 18, 2007, at 9:05 a.m.

Scott Tillman brought an action in the Kent Circuit Court against
    Great Lakes Truck Center, Inc., Jim Kamps, and Volvo Com-
    mercial Finance The Americas LLC, alleging several claims,
    including conversion, with regard to a motor vehicle. The court,
    Dennis B. Leiber, J., granted summary disposition in favor of
    the defendants. The plaintiff appealed, alleging, in part, that
    the court erred in holding that the claim for conversion against
    Volvo was barred by the three-year period of limitations appli-
    cable to an action to recover damages for injury to property.
    MCL 600.5805(10).

    The Court of Appeals *held*:

    The circuit court correctly determined that *Janiszewski v
    Behrmann*, 345 Mich 8 (1956), which held that an action for
    conversion of personal property was barred by the three-year
    period of limitations applicable to actions for injury to person or
    property (the predecessor statute to MCL 600.5805[10]), was
    controlling on the issue whether an action for conversion is an
    action to recover damages for injury to property under MCL
    600.5805(10).

    Affirmed.

LIMITATION OF ACTIONS — CONVERSION — PERSONAL PROPERTY.

    An action for conversion of personal property is controlled by the
    three-year period of limitations applicable to an action to recover
    damages for injury to a person or property (MCL 600.5805[10]).

*Doyle Group Attorneys, P.C.* (by *T. Michael Doyle* and
*John Doyle*), for the plaintiff.

*Law Office of Langford & Gebauer* (by *B. J. Bel-
coure*), for Great Lakes Truck Center, Inc., and Jim
Kamps.

*Miller, Canfield, Paddock and Stone, P.L.C.* (by *Robert E. L. Wright*), for Volvo Commercial Finance The Americas LLC.

Before: OWENS, P.J., and BANDSTRA and DAVIS, JJ.

PER CURIAM. Plaintiff appeals as of right from a circuit court order granting defendants' motion for summary disposition, which was brought pursuant to MCR 2.116(C)(7), (8), and (10). The trial court concluded that plaintiff's claim for conversion against Volvo Commercial Finance The Americas LLC was barred by the three-year period of limitations applicable to an action to recover damages for injury to property, MCL 600.5805(10), and that all of plaintiff's claims were barred by res judicata. Plaintiff's appeal addresses only the dismissal of the claim for conversion. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

At issue in this case is whether the limitations period applicable to conversion is the three-year period in MCL 600.5805(10) for "all other actions to recover damages for the death of a person, or for injury to a person or property" or the six-year period in MCL 600.5813 for "[a]ll other personal actions" not otherwise specified. We review a trial court's decision on a motion for summary disposition de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The issue presents a question of law, which is also reviewed de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Prop & Cas Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

This Court has not consistently resolved this issue. In *Davidson v Bugbee*, 227 Mich App 264, 269; 575 NW2d 574 (1997), this Court stated that the six-year

period applied, but without explaining its basis for that conclusion; it appears that neither party in that case attempted to argue that a different period might apply. More recently, this Court has explained in more detail that conversion is a wrongful act of dominion over another person's property, even including forgery of instruments, and as such it constitutes an injury to property governed by the three-year limitations period. *Brennan v Edward D Jones & Co*, 245 Mich App 156, 158; 626 NW2d 917 (2001). Two earlier cases from this Court indicated, again without explanation, that the six-year limitations period applied. *Miller v Green*, 37 Mich App 132, 138; 194 NW2d 491 (1971); *Drapefair, Inc v Beitner*, 89 Mich App 531, 545 n 3; 280 NW2d 585 (1979). Another earlier case from this Court reached the opposite result, explaining that conversion is controlled by the three-year limitations period applicable to injuries to property even though the injury in conversion is generally not tangible. *Continental Cas Co v Huron Valley Nat'l Bank*, 85 Mich App 319, 323-324; 271 NW2d 218 (1978). These three latter cases are not binding under MCR 7.215(J)(1). Several unpublished opinions from this Court have concluded that the six-year period applies, citing our Supreme Court's opinion in *Thoma v Tracy Motor Sales, Inc*, 360 Mich 434; 104 NW2d 360 (1960), which did not actually address the applicable limitations period at all. Unpublished opinions of this Court are not, in any event, binding precedent. MCR 7.215(C)(1).

We conclude that *Brennan* and *Continental Cas Co* correctly determined the three-year period to be applicable, because only those two cases are consistent with our Supreme Court's binding precedent. The trial court correctly relied on *Janiszewski v Behrmann*, 345 Mich 8, 32; 75 NW2d 77 (1956), in which the Court stated that the action for conversion of personal property

(farm equipment) was barred by the statute of limitations for injury to person or property:

> This action was brought in circuit court on June 30, 1954, recovery being sought on the basis of conversion of personal property more than 3 years previously. The question presented is whether the prosecution of said action was barred by the statute of limitations relating to actions to recover damages for injury to person or property. By the provisions of said statute (CLS 1954, § 609.13, subdivision 2 [Stat Ann 1953 Cum Supp § 27.605]) an action of this character must be brought within 3 years from the time it accrues.

The statute referenced in *Janiszewski* stated, "Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards." It was therefore, in relevant part, the predecessor statute to MCL 600.5805(10), which now provides, "The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

The trial court correctly determined that *Janiszewski, supra,* was controlling on the issue whether an action for conversion is an action to recover damages for injury to property. Therefore, the three-year period of limitations of MCL 600.5805(10) applied, and we need not address plaintiff's remaining argument on appeal.

Affirmed.