NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0659n.06

Nos. 15-2348/16-1388

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 07, 2016
DEBORAH S. HUNT, Clerk

DAVID HUNT, et al.,                                      )
                                                         )
    Plaintiffs-Appellees,                            )
                                                         )
v.                                                       )  ON APPEAL FROM THE
                                                         )  UNITED STATES DISTRICT
                                                         )  COURT FOR THE EASTERN
DONNELLY HADDEN, et al.,                                 )  DISTRICT OF MICHIGAN
                                                         )
    Defendants-Appellants.                           )
                                                         )

Before: McKEAGUE, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Donnelly Hadden and his law firm represented David Hunt and his wife in a series of personal-injury lawsuits. Two of those cases settled. Hadden and his firm then took more money in contingency fees than they were entitled to take. The Hunts sued the defendants for statutory conversion of the additional fees. The district court granted summary judgment to the Hunts and awarded them damages, attorney fees, and costs. We affirm.

I.

In 2007, David Hunt, a neurosurgeon, moved to a condominium in Marquette, Michigan. The condominium had been built with the intake and exhaust vents for its furnace too close together, which brought toxic air into the condominium. After six months of exposure, Hunt was permanently disabled. Hunt and his wife Carol Santangelo (the Hunts, to use the plaintiffs' own collective reference) retained Donnelly Hadden and his law firm to sue the condominium

association and the Hunts' landlords. Under the parties' fee agreement, Hadden was entitled to a third of the net recovery—*i.e.*, the total recovery minus any costs and fees incurred during litigation. Michigan law likewise limited Hadden's fee to a third of the Hunts' net recovery. MCR § 8.121.

In 2010, the Hunts, through Hadden, settled their suits against the condominium association and their landlords for a total of $63,000. Hadden then informed Hunt that his fee was $21,000, or a third of the total settlement amount. But that was $10,028.44 too much because the Hunts had paid a total of $30,085.31 in litigation costs, leaving a net recovery of $32,914.69. The Hunts did not object to Hadden's fee at the time because, they say, they did not realize he had taken excessive fees. But in April 2013 another lawyer explained to Hunt that Hadden had done so.

In early 2014, the Hunts sued Hadden and his law firm on several grounds, including statutory conversion under Michigan law. The defendants moved to dismiss this claim, arguing that it was barred by the three-year statute of limitations. The district court denied the motion, holding that Hadden had fraudulently concealed the conversion, thereby tolling the statute of limitations until 2013, when the Hunts first discovered the conversion. The district court later granted summary judgment to the Hunts on the statutory-conversion claim. The defendants appealed. While that appeal was pending, the court awarded the Hunts $131,475 in attorney's fees and $400 in costs. The defendants appealed that order as well. The district court then issued an amended judgment that incorporated the award of attorney's fees and costs into the original judgment.

II.

A.

Hadden first challenges the district court's decision that the Hunts' statutory-conversion claim was timely filed. We review that decision de novo. *Tolbert v. State of Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999). Under Michigan law, conversion claims are subject to a three-year statute of limitations. *Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622, 623-24 (Mich. Ct. App. 2007). If a defendant fraudulently conceals the conversion, however, the concealment tolls the statute of limitations, and the plaintiff may bring the conversion claim within two years of discovering that the claim exists. MCL § 600.5855. Ordinarily, fraudulent concealment requires some affirmative act or representation by the defendant. *Dillard v. Schlussel*, 865 N.W.2d 648, 654-55 (Mich. Ct. App. 2014). When the defendant shares a fiduciary relationship with the plaintiff, however, nondisclosure of a material fact is enough to toll the limitations period. *Lumber Vill. Inc. v. Siegler*, 355 N.W.2d 654, 658 (Mich. Ct. App. 1984).

Here, Hadden allegedly converted the funds in 2010, and the Hunts filed suit in 2014—a year after the three-year statute of limitations would have expired. But Hadden owed the Hunts a fiduciary duty as their lawyer. Thus, Hadden's nondisclosure that he had taken excessive fees gave the Hunts an additional two years to bring their claim. *See* MCL § 600.5855; *Brownell v. Garber*, 503 N.W.2d 81, 85 (Mich. Ct. App. 1993). The claim was therefore timely.

Hadden next challenges the district court's order granting the Hunts summary judgment on their statutory-conversion claim. We review that decision de novo. *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997). Michigan law prohibits a person from "stealing or embezzling property or converting property to [that] person's own use." MCL § 600.2919a. The statute

does not define conversion, so we apply the common-law definition, which proscribes any "distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *Dep't of Agric. v. Appletree Mktg., L.L.C.*, 779 N.W.2d 237, 244 (Mich. 2010) (quoting *Foremost Ins. co. v. Allstate Ins. Co.*, 486 N.W.2d 600, 606 (Mich. 1992)).

Hadden argues that the Hunts' statutory-conversion claim fails on several grounds. First, Hadden contends that the Hunts lacked any property interest in the contested funds because Hunt's disability-insurance company had a lien on them. Hadden cites no caselaw in support of this contention. Meanwhile, "[a] check is considered the personal property of the designated payee." *Pamar Enters., Inc. v. Huntington Banks of Mich.*, 580 N.W.2d 11, 15 (Mich. Ct. App. 1998). Here, the settlement checks were payable to the Hunts, which means the Hunts had a property interest in them. Hence, this argument is meritless.

Second, Hadden argues that "only chattels can be the object of conversion," that money is not a chattel unless it is in a "separate and indivisible cache," and that here the settlement funds were not separate because Hadden himself intermingled them with his own funds. Hadden Br. at 12. The district court broomed this argument with the observation that the settlement funds were separate enough when Hadden first took possession of them in the form of two checks. Suffice it to say that we agree. *See Citizens Ins. Co. of Am. v. Delcamp Truck Ctr,, Inc.*, 444 N.W.2d 210, 213 (Mich. Ct. App. 1989).

Finally, Hadden argues that his retention of excessive fees was not conversion because the Hunts consented to it. But the Hunts could only "ratify" that retention if they knew the fees were excessive at the time it occurred. *Capital Dredge & Dock Corp. v. City of Detroit*, 800 F.2d 525, 530 (6th Cir. 1986). Hadden has no evidence that the Hunts knew that he was

retaining excessive fees, and the Hunts both testified that they did not know that. Hence this argument too is meritless. The district court was correct to grant summary judgment to the Hunts on this claim.

B.

Hadden argues that the district court should not have awarded attorney's fees to the Hunts and that the amount awarded was excessive. We review the award for an abuse of discretion. *In re Temple Marital Trust*, 748 N.W.2d 265, 269 (Mich. Ct. App. 2008); *see also Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 348-49 (6th Cir. 2000).

On these issues we have little to add to the district court's thorough and well-reasoned opinion. Michigan law expressly provides for an award of attorney's fees in cases, like this one, where a plaintiff prevails on a claim of statutory conversion. MCL § 600.2919a. And contrary to Hadden's argument here and in the district court, no case provides that a trial court may award attorney's fees only if the court awards treble damages first. Moreover, as the district court correctly observed, under Michigan law the purposes of the two awards are different: treble damages are punitive whereas attorney's fees are compensatory. Feb. 2, 2016 Op. at 4-5.

As to the amount, Hadden argues that the award was unreasonable because it exceeded by a factor of ten the Hunts' recovery on the statutory conversion claim. But the amount of fees is explained in large part by what the district court called "the defendants' proclivity of contesting every legal point to its ultimate conclusion, regardless of the strength of their position." *Id.* at 5. That proclivity is also on display here. The district court did not abuse its discretion.

\* \* \*

We affirm the district court's amended judgment and remand the case for that court to determine the amount, if any, of post-judgment litigation fees awardable to the Hunts.