# STATE OF MICHIGAN

# COURT OF APPEALS

KOREAN AMERICAN SCHOLARSHIP FUND,
doing business as KASF, and KOREAN
AMERICAN CULTURAL CENTER OF
MICHIGAN,

UNPUBLISHED
October 26, 2017

Plaintiffs-Appellants,

v

No. 334373
Oakland Circuit Court

JONG DAE KIM,

LC No. 2015-149415-NZ

Defendant-Appellee.

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this case involving a claim for conversion, plaintiffs appeal as of right the trial court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10). We reverse and remand for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

Defendant held positions of trust in the plaintiff organizations for many years, and was authorized to issue checks on plaintiffs' bank accounts for plaintiffs' business expenses. After completing an audit in 2014, plaintiff discovered that defendant had written thousands of dollars in checks to himself, to his wife, and to his wife's business. Additionally, plaintiffs discovered that defendant had used a debit/ATM card to make purchases and withdraw cash, and plaintiffs contend that defendant was without the authority to do so. Defendant admits that he wrote checks to himself, to his wife, and to his wife's business. While defendant argues that some of those checks were written as reimbursement for expenses he incurred on behalf of plaintiffs, he admits that he took plaintiffs' funds on more than one occasion as a loan for his wife's business.

The parties presented disputed evidence regarding the procedure for issuing checks from plaintiffs' business accounts. Plaintiffs provided testimony that it was defendant's practice to request that other officers of plaintiffs signed blank checks, and that defendant would thereafter make out the checks and affix his signature on the checks. Defendant admitted that he often obtained other officers' signatures on blank checks, including one check in the amount of $3,000.00 that he made out to himself, after obtaining the other officer's signature. However, defendant argued that his signature on the checks was always a stamped signature, that he kept

-1-

his signature stamp in his desk, and that other officers could have stamped his signature on the checks made out to defendant, his wife, and his wife's business. Plaintiff contradicted this testimony, indicating that defendant was the only one who used his signature stamp on the organizations' business checks. Plaintiffs submitted to the trial court detailed information regarding the checks, debit card purchases, and ATM withdrawals that form the basis of its civil claim for conversion against defendant.

## II. STANDARD OF REVIEW

The statute of limitations applicable to a claim for conversion is a question of law which this Court reviews de novo. *Tillman v Great Lakes Truck Center, Inc*, 277 Mich App 47, 48; 742 NW2d 622 (2007)). Further, this Court reviews a trial court's grant of summary disposition de novo as a question of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). MCR 2.116(C)(8) permits a trial court to grant summary disposition when an opposing party has failed to state a claim on which relief can be granted. Thus, a motion under this rule tests the legal sufficiency of a claim. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013). "The purpose of such a motion is to determine whether the plaintiff has stated a claim upon which relief can be granted. The motion should be granted if no factual development could possibly justify recovery." *Beaudrie v Henderson*, 465 Mich 124, 129-130; 631 NW2d 308 (2001). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Lichon v American Universal Ins Co*, 435 Mich 408, 414; 459 NW2d 288 (1990). MCR 2.116(C)(10) permits summary disposition when, except with regard to the amount of damages, there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing such a motion, this Court considers the pleadings, affidavits, depositions, admissions, and documentary evidence and grants the benefit of any reasonable doubt to the nonmoving party. *Skinner v Square D Co*, 445 Mich 153, 161-162; 516 NW2d 475 (1994). The court is not permitted to assess credibility, or to determine facts on a motion for summary disposition. Instead, the court's task is to review the record evidence, and all reasonable inferences therefrom, and decide whether a genuine issue of any material fact exists to warrant a trial. *Id*. The trial court must give the benefit of any reasonable doubt to the nonmoving party. *Schultes v Naylor*, 195 Mich App 640, 645; 491 NW2d 240 (1992).

## III. STATUTE OF LIMITATIONS AND TOLLING

The trial court's order granting defendant's motion for summary disposition adopted defendant's arguments, including the argument that plaintiffs' conversion claim was barred by the six-year statute of limitations set forth in MCL 600.5813, which provides that "[a]ll other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes." The trial court erred as a matter of law in applying the six-year statute of limitations because this Court has held that a claim for conversion is subject to the three-year statute of limitations set forth MCL 600.5805(10) for "all other actions to recover damages for the death of a person, or for injury to a person or property". *Tillman*, 277 Mich App at 49, citing *Brennan v Edward D Jones & Co*, 245 Mich App 156, 158; 626 NW2d 917 (2001), *Janiszewski v Behrmann*, 345 Mich 8, 32; 75 NW2d 77 (1956). Simply put "conversion is a wrongful act of dominion over another person's property, even including

forgery of instruments, and as such it constitutes an injury to property governed by the three-year limitations period." *Tillman*, 277 Mich App at 49, citing *Brennan*, 245 Mich App at 158.

However, plaintiffs argue that the running of the otherwise applicable statute of limitations was stayed by virtue of the fraudulent concealment statute, MCL 600.5855, which provides:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

As our Supreme Court stated in *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 391; 738 NW2d 664 (2007), "MCL 600.5855 provides for essentially unlimited tolling based on discovery when a claim is fraudulently concealed." Under MCL 600.5855, the statute of limitations is tolled when a party conceals the fact that the plaintiff has a cause of action. *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 348 (1996), citing *Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 727; 394 NW2d 82 (1986). Furthermore, "[t]he plaintiff must prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery. Mere silence is insufficient." *Sills*, 220 Mich App at 310, citing *Buszek v Harper Hosp*, 116 Mich App 650, 654; 323 NW2d 330 (1982). In *DeHaan v Winter*, 258 Mich 293, 296; 241 NW 923 (1932), superseded by statute on other grounds as stated in *Morgan v Taylor*, 434 Mich 180; 451 NW2d 852 (1990), our Supreme Court said that "[f]raudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

Here, plaintiffs argue that defendant fraudulently concealed his acts of conversion because he obtained blank checks that were pre-signed by plaintiffs' other officers, prior to defendant making those checks payable to himself, to his wife, or to his wife's business. We agree that such acts were affirmative acts designed to prevent subsequent discovery of the fraudulent checks. Furthermore, plaintiffs produced testimony that defendant was never authorized to obtain a debit/ATM card tied to plaintiff KACCM's bank account. This testimony created a genuine issue of material fact as to whether defendant obtained a debit card surreptitiously, without plaintiff KACCM's knowledge and authorization. We conclude that the otherwise applicable three-year statute of limitations was tolled by virtue of the fraudulent concealment statute, MCL 600.5855. Therefore, plaintiffs' action was timely filed within two years after plaintiffs' audit uncovered defendant's actions and discovered the existence of the facts supporting their claim for conversion.

In order to invoke the tolling of the statute of limitations provided for in MCL 600.5855, "[t]he plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment." *Sills*, 220 Mich App at 310, citing *In re Estate of Farris*, 160 Mich App 14, 18; 408 NW2d 92 (1987). Here, plaintiffs did not expressly plead fraudulent

concealment in their complaint. However, plaintiffs argue that the trial court should have allowed plaintiffs the opportunity to amend their pleadings pursuant to MCR 2.116(I)(5), which provides that if a motion for summary disposition is "based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Because the facts adduced by plaintiffs through discovery create a genuine issue of material fact regarding defendant's acts of fraudulent concealment, the trial court should have allowed plaintiffs the opportunity to amend their complaint to specifically plead defendant's acts of fraudulent concealment.

Furthermore, even if the acts set forth above did not rise to the level of fraudulent concealment, plaintiffs correctly argue that evidence of an affirmative act of concealment is not required to toll the statute of limitations where a fiduciary relationship exists between the parties. *Lumber Village, Inc v Siegler*, 135 Mich App 685, 694-695; 355 NW2d 654 (1984). "As a general rule, for fraudulent concealment to postpone the running of the period of limitation, the fraud must be manifested by an affirmative act or misrepresentation. An exception to this rule is that there is an affirmative duty to disclose where the parties are in a fiduciary relationship. *Id*. at 694-695 (citations omitted). It is undisputed that defendant held a fiduciary relationship with both plaintiffs. Therefore, evidence of an affirmative act of concealment was not required to toll the statute of limitations.

Because plaintiffs' civil claim for conversion was subject to the two-year statute of limitations set forth in MCL 600.5855, plaintiffs' civil claim for conversion was timely filed, and the trial court erroneously granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

## IV. CIVIL TORT OF CONVERSION

The trial court's order granting defendant's motion for summary disposition adopted defendant's arguments, including the argument that plaintiffs had failed to demonstrate the required elements for a civil claim of conversion, and the trial court therefore granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(10). Conversion is defined as "any distinct act of domain wrongfully exerted over another's property in denial of or inconsistent with the rights therein." *Lawsuit Financial, LLC v Curry*, 261 Mich App 579, 591; 683 NW2d 233 (2004), citing *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 391; 486 NW2d 600 (1992). To support an action for conversion of money, the defendant "must have obtained the money without the owner's consent to the creation of a debtor-creditor relationship and must have had an obligation to return the specific money entrusted to his care." *Lawsuit Financial*, 261 Mich App at 591, citing *Head v Phillips Camper Sales & Rental, Inc*, 234 Mich App 94, 111-112; 593 NW2d 595 (1999) (citations omitted).

Although defendant claims that he issued some checks to himself as reimbursement for expenses he incurred on behalf of plaintiffs, he also admitted that he took money from plaintiffs' accounts on more than one occasion, in order to keep his wife's business afloat, and defendant admitted that he knew he had an obligation to repay those funds to plaintiffs. Defendant also provided no explanation for various checks he issued from plaintiffs' business accounts, many of which were written either to defendant, defendant's wife, or the business run by defendant's

wife. Meanwhile, plaintiffs provided testimony that defendant had no authority to take plaintiffs' funds for defendant's own personal use, or as a loan for his wife's business. Based on these facts, we conclude that plaintiffs demonstrated facts sufficient to create a genuine issue of material fact regarding the required elements for a civil claim of conversion, and the trial court erred in granting defendant's motion pursuant to MCR 2.116(C)(10).

Defendant argues that fraud must be pled with particularity, pursuant to MCR 2.112(B)(1), and argues that plaintiff's complaint failed to prove specific instances of fraud, with regard to the issuance of checks from plaintiffs' business accounts or the use of the KACCM debit/ATM card. During the course of discovery, plaintiffs provided a specific list of transactions which plaintiffs alleged to have constituted acts of conversion by defendant, and attached that documentation to the brief opposing defendant's motion for summary disposition. Furthermore, the deposition testimony included extensive discussion of specific transactions which plaintiffs alleged to have constituted acts of conversion. To the extent that the trial court's ruling adopting defendant's arguments in their entirety and the grant of summary disposition in favor of defendant, the trial court should have allowed plaintiffs the opportunity to amend the pleadings pursuant to MCR 2.116(I)(5), because the alleged acts of fraud could have been articulated with the required particularity. A trial court should freely grant leave to amend pleadings if justice so requires. *Hakari v Ski Brule, Inc*, 230 Mich App 352, 355; 584 NW2d 345 (1998).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause