NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0363n.06

No. 19-1941

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DANIAL KHALED DABISH; BRIAN ABROU; )
LIVERNOIS VENTURES, INCORPORATED, )
                                        )
        Plaintiffs-Appellants,          )
                                        )
v.                                      )
                                        )
JAMES MCMAHON, Detective, in his individual )
and official capacity; MICHAEL STOUT, Detective, )
in his individual and official capacity; CITY OF )
HAMTRAMCK, MI; CITY OF HIGHLAND PARK, )
MI; B&G TOWING COMPANY; ANTHONY )
THOMAS; GASPER FIORE; MICHAEL LUCAS, )
                                        )
        Defendants-Appellees.           )

```
                          ┌─────────────────────────┐
                          │         FILED           │
                          │      Jun 19, 2020        │
                          │   DEBORAH S. HUNT, Clerk │
                          └─────────────────────────┘
```

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

OPINION

BEFORE:    BATCHELDER, STRANCH, and MURPHY, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Michigan police officers Michael Stout and James McMahon executed a search warrant on an automobile collision repair business, Livernois Ventures, and the home of its shop manager, Danial Dabish, in 2014. They seized over a hundred vehicles, which were towed and impounded by B&G Towing Company. Plaintiffs sued the Officers, the Cities that employed them, and B&G towing and its principals, alleging federal and state civil rights claims and state tort claims based on the 2014 raid and the subsequent towing and impounding of the vehicles. Because the Plaintiffs' complaint was filed after the relevant statutes of limitations ran, we **AFFIRM** the district court's dismissal of all claims.

## I.  BACKGROUND

Danial Dabish and Brian Abrou were automobile body shop managers for Livernois Ventures, a company that handled collision repair in Detroit.  They allege that on or about September 10, 2014, Officers Stout and McMahon raided Livernois and Dabish's home as part of a multi-jurisdictional auto theft task force that involved officers from the City of Hamtramck and the City of Highland Park.  They claim that the Officers fabricated probable cause to obtain the search warrant based on racial animus against Arab Americans and Arab-American businesses.  The Officers assert that the search was conducted based on allegations of Dabish's involvement in fraudulent insurance activities and racketeering.  Approximately 110 vehicles were seized and were towed and impounded by B&G Towing Company and its principals Michael Lucas, Anthony Thomas, and Gasper Fiore ("Tow Defendants").  Plaintiffs allege that Lucas demanded hundreds of thousands of dollars in cash for the return of the vehicles, and at least some of them were never returned.  They also allege that Abrou was falsely imprisoned for four days and threatened with physical abuse by the Officers.

On or around June 23, 2016, Dabish and Livernois filed a complaint against the Officers and the Cities, seeking damages arising from the same transactions and occurrences that serve as the basis for this case.  As part of a monetary settlement of the 2016 case, the parties entered a stipulation of dismissal without prejudice.  Plaintiffs claim that the parties entered a tolling agreement as part of the 2016 case settlement that tolled the statute of limitations for their claims until October 1, 2018.

Plaintiffs point to a copy of a tolling agreement in the record that contains the signature of the Plaintiffs' attorney, Steve Haney, but no signatures of any of the defendants or their attorney, John Clark.  They also claim that an e-mail chain shows that John Clark drafted the tolling

agreement and wanted to sign and execute it. In particular, one e-mail from John Clark to Steve Haney contained the proposed tolling agreement as an attachment along with the message, "Steve-resending the tolling agreement. Please sign so we can put this one to bed." There were no other relevant e-mail messages or communications in the record, and no signature from any of the defendants or John Clark on a tolling agreement anywhere in the record. The stipulated order of dismissal filed with the district court did not reference any tolling agreement.

In August 2018, Gasper Fiore was convicted in federal court of bribery relating to the towing contracts. On August 9, 2018, Plaintiffs filed a ten-count complaint alleging claims under 42 U.S.C. § 1983 and § 1985 based on the actions of the Officers, the Cities, and the Tow Defendants during and after the September 10, 2014 raid. They also allege Michigan state law claims of ethnic intimidation, gross negligence, abuse of process, and false imprisonment against the Officers, and claims of concert of action, civil conspiracy, statutory conversion, and common law conversion against all Defendants. Plaintiffs assert that it was not until August 2018 that they became aware of the plot of the Tow Defendants to keep secret their participation in the plan to enrich all Defendants.

Defendants filed several motions to dismiss arguing that Plaintiffs' claims in this 2018 case are barred by the applicable statutes of limitations. Dabish subsequently pled guilty in federal court to one count of mail fraud, acknowledging in his plea agreement that he "knowingly participated in a scheme to defraud in order to obtain money . . . from the payment of false claims to insurance companies." Officer Stout and the City of Hamtramck filed a second motion to dismiss arguing that Dabish's claims must be dismissed because he pled guilty to the same (or similar) crime that had established probable cause for the search in 2014. Officer McMahon and the City of Highland Park also filed a motion for summary judgment based on similar arguments.

No. 19-1941, *Dabish, et al. v. McMahon, et al.*

The district court granted the various motions to dismiss.[1]  The court first found that the statutes of limitations barred the claims against all Defendants because this 2018 complaint was filed over three years after the events in 2014, and no valid tolling agreement was entered in the prior 2016 action.  It considered other arguments raised by Defendants and determined that Plaintiffs' claims were barred pursuant to *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), and the doctrine of collateral estoppel due to Dabish's criminal conviction.  It then held that Plaintiffs failed to state a claim of *Monell* liability against the City of Hamtramck, and that the claims against Officer Stout and the City of Hamtramck fail on the grounds of qualified immunity and governmental immunity.  Plaintiffs now appeal.

## II.    ANALYSIS

We review the district court's order granting Defendants' motions to dismiss de novo. *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 562 (6th Cir. 2013) (en banc) (*citing Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012)).  Plaintiffs' federal claims are subject to three-year statutes of limitations.  *See Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (*"*the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims.");  *Ziegler v. State of Michigan*, 230 F.3d 1361 (6th Cir. 2000) (noting that the statute of limitations for § 1983 and § 1985 claims is three years).  Plaintiffs' state claims are all likewise subject to three-year statutes of limitations.  *See* M.C.L. 750.147b (ethnic intimidation); *Bellamy v. Target Stores*, No. 235334, 2002 WL 31934019, at *2 (Mich. Ct. App. Nov. 19, 2002) (gross negligence); *Lechner v. Peppler*, No. 337872, 2018 WL 2121483, at *1 (Mich. Ct. App. May 8, 2018) (abuse of process); *Akers v. Bankers Life & Casualty Co.*, No. 283771, 2009 WL 1767617,

---

[1] The order also dismissed the action against McMahon and the City of Highland Park, which terminated their motion for summary judgment.

at * 2 (Mich. Ct. App. June 23, 2009) (concert of action); *Mays v. Three Rivers Rubber Corp.*, 352 N.W.2d 339, 340 (Mich. Ct. App. 1984) (civil conspiracy); *Tillman v. Great Lakes Truck Ctr., Inc.*, 742 N.W.2d 622, 623 (Mich. Ct. App. 2007) (statutory conversion; common law conversion); M.C.L. 600.5805(3) (false imprisonment).

We have held that dismissal of a complaint is warranted if "the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). Because the facts that underlie Plaintiffs' complaint here—the raid on September 10, 2014 and the subsequent towing and impounding of the vehicles—took place more than three years before the August 9, 2018 filing of the complaint in this case, the claims are untimely.

Plaintiffs do not dispute that the accrual date for their federal and state claims would be on or around September 10, 2014, but they rely on the alleged tolling agreement from the settlement of the 2016 case that, if valid, would extend the statute of limitations on Plaintiffs' claims to October 1, 2018. As a preliminary matter, the Tow Defendants were not parties to the prior suit, and any tolling agreement would not cover them. Under Michigan law, the existence of a settlement agreement is governed by the legal principles of contract construction, requiring mutual assent or a meeting of the minds on all the essential terms. *See Kloian v. Domino's Pizza L.L.C.*, 733 N.W.2d 766, 770 (Mich. Ct. App. 2006); *Burkhardt v. Bailey*, 680 N.W.2d 453, 463 (Mich. Ct. App. 2004). While the defense attorney appears to have initiated the e-mail to the Plaintiffs' attorney to execute the tolling agreement, the only evidence of any intent to be bound by the agreement is the one-sentence e-mail: "Steve-resending the tolling agreement. Please sign so we

can put this one to bed." There is no additional e-mail evidence or correspondence offering or accepting terms of the agreement, no signature from the defense attorney or any defendant, and no mention of a tolling agreement in the stipulated order of dismissal of the 2016 case.

To support their argument, Plaintiffs cite to *Kloian v. Domino's Pizza L.L.C.*, in which the parties' attorneys exchanged e-mails with language that the Michigan Court of Appeals determined to constitute a valid settlement. 733 N.W.2d at 770–71. The court found that counsel's e-mail stating that the plaintiff would accept a specific payment amount in exchange for the dismissal of the claims constituted a valid offer and a contract was created once defense counsel e-mailed back that the defendant "accepts your settlement offer." *Id.* The one line in the e-mail here is easily distinguishable from the facts of *Kloian*; the request to sign a proposed tolling agreement does not constitute mutual assent to the terms of the tolling agreement. The district court correctly determined that no tolling agreement exists between the parties. It did not err in dismissing the claims against the Officers and the Cities as they were filed beyond the statute of limitations.

Plaintiffs also argue that the statutes of limitations have not run on their claims against the Tow Defendants because they fraudulently concealed and kept secret their concerted activities with the Officers and Cities, thus preventing Plaintiffs from discovering the Tow Defendants' improper actions until Fiore was convicted of bribery in August 2018. A tort claim accrues for the purposes of the statute of limitations under Michigan law when the elements of the cause of action have occurred and can be alleged in a complaint—at the point "where plaintiff knows or should have known of [the tortious act]." *Williams v. Polgar*, 215 N.W.2d 149, 158 (Mich. 1974). All claims against the various defendants here are based on the initial raid, towing, and impounding of the vehicles in 2014. And when plaintiffs seek to use the fraudulent concealment doctrine to toll the statute of limitations, we have held that they must sufficiently plead that response to the

statute-of-limitations defense in their complaint. *See Lutz*, 717 F.3d at 475; *Evans v. Pearson Enters.*, 434 F.3d 839, 850–51 (6th Cir. 2006). The complaint, however, does not allege that the Tow Defendants engaged in fraudulent concealment of their involvement in the underlying conspiracy and makes no mention of the Tow Defendants acting in secret. Plaintiffs' argument regarding fraudulent concealment is without merit.

Because the district court correctly dismissed all claims based on the statutes of limitations, there is no need to address the other grounds that the district court considered in its order.

## III.   CONCLUSION

Because the statutes of limitations had run when Plaintiffs filed their complaint in 2018, we **AFFIRM** the district court's dismissal of all claims.