*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EILEEN NAMETH,

        Plaintiff-Appellee,

v

STEPHEN SOVIAR and ANDREA NAMETH-
SOVIAR,

        Defendants-Appellants.

UNPUBLISHED
June 13, 2025
9:05 AM

No. 368919
Macomb Circuit Court
LC No. 2021-003649-CH

STEPHEN SOVIAR and ANDREA NAMETH-
SOVIAR,

        Plaintiffs-Appellants,

v

EILEEN NAMETH,

        Defendant-Appellee.

No. 369747
Macomb Circuit Court
LC No. 2023-002306-CZ

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

RIORDAN, J. (*concurring*).

      I concur with the majority in Docket No. 368919 to the extent that it vacates the judgment in favor of Eileen Nameth and remands for entry of a JNOV in favor of the Soviars. I also concur with the majority in Docket No. 369747. However, I write separately to explain that, in Docket

-1-

No. 368919, the trial court abused its discretion by denying the Soviars' motion to amend their affirmative defenses.[1]

The trial court found that the Soviars waived their statute-of-limitations defense because they failed to include it in two previous affirmative defense filings and the case had been pending for two years. There was no evidence that the Soviars acted in bad faith, or repeatedly failed to cure deficiencies by amendments previously allowed. The Soviars filed their first statement of affirmative defenses in November 2021. The Soviars filed their second statement of affirmative defenses on January 24, 2023, in response to Eileen's amended complaint.

The court noted that the trial was set to begin within one month of its opinion. While undue delay is a reason to deny a motion to amend, delay alone, without bad faith, or actual prejudice to the opposing party, is not reason to deny a motion to amend. *Wolfenbarger v Wright*, 336 Mich App 1, 24; 969 NW2d 518 (2021). There was no evidence, nor did Eileen argue, that the Soviars acted in bad faith by failing to amend their affirmative defenses earlier. Although Eileen now argues on appeal that the Soviars cannot circumvent MCR 2.111(F)(3) by claiming that their previous attorney failed to assert the statute of limitations as an affirmative defense, this does not negate that leave to amend pleadings should be freely given when justice requires or that amendment is generally a matter of right. MCR 2.118(A); *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 373; 976 NW2d 109 (2021).

The trial court did not find that Eileen would experience undue prejudice by the Soviars' proposed amendment or that the amendment would have been futile. Yet Eileen argues on appeal that allowing the Soviars to amend their affirmative defenses to include the statute of limitations would have prevented her from receiving a fair trial because she would have been deprived of the ability to engage in discovery in order to present a defense of fraudulent concealment.

A claim for conversion is subject to the three-year statute of limitations set forth in MCL 600.5805(2), which provides, "the period of limitations is 3 years after the time of death or injury for all actions to recover damages for the death of a person or for injury to a person or property." *Tillman v Great Lakes Truck Ctr, Inc*, 277 Mich App 47, 48; 742 NW2d 622 (2007) (quotation marks and citation omitted). Conversion constitutes an injury to property. *Id*. at 49. Our Supreme Court has recognized that MCL 600.5855 operates to toll the statute of limitations if the person who may be liable for a claim fraudulently conceals the existence of the claim. *Prentis Family Foundation v Barbara Ann Karmanos Cancer Institute*, 266 Mich App 39, 45 n 2; 698 NW2d 900 (2005). However, MCL 600.5855 will not toll the statute of limitations if the defrauded person could have discovered the fraud from public records. *Id*. Eileen could have discovered any alleged fraud from public records. The Soviars closed on Fiore Trail in 2015 and the warranty deed that contained only the Soviars' names was recorded in December 2015 in Macomb County. Therefore, Eileen could have discovered that she did not have ownership of Fiore Trail in

---

[1] Had the trial court properly granted the motion to amend before trial, the trial itself would have been avoided as unnecessary because the Soviars would have been entitled to summary disposition.

December 2015. Considering that Eileen filed her original complaint in 2021, the three-year statute of limitations had clearly expired.

The general rule that the statute of limitations will not be tolled if the defrauded person could have discovered the fraud from public records does not apply if a fiduciary relationship existed between the parties. *Id*. at 45. However, the trial court ruled that a fiduciary relationship did not exist between the parties. Additionally, Eileen did not allege that the Soviars owed her a fiduciary duty. Thus, any further discovery in support of a fraudulent concealment defense would have been futile.

For these reasons, the trial court abused its discretion by denying the Soviars' motion to amend their affirmative defenses.

/s/ Michael J. Riordan