DUTKIEWICZ v. BARTKOWIAK.

1. FRAUD—PLEADING.
    Bill for accounting, brought by widow and daughter of one brother against widow of other brother failed to state a cause of action for fraud by alleging revocation of power of attorney had been obtained by false representation that defendant and her deceased husband did not own any property of the plaintiff's nor had they made any collections or in any way tampered with the property, there being a failure to set forth facts with sufficient particularity reasonably to apprise defendant of what she is called upon to defend in that not a single parcel of property or interest therein is indicated.

2. SAME—PLEADING—PREPARATION OF DEFENSE.
    An action in fraud must definitely and issuably set forth the facts complained of and relied upon for recovery in order to give the defendant a fair opportunity to defend.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur, Fraud and Deceit § 243 et seq.

Appeal from Wayne; Wise (John M.), J. Submitted October 11, 1963. (Calendar No. 33, Docket No. 49,975.) Decided March 5, 1964.

Bill by Cecilia Dutkiewicz and Mary Josephine Bartkowiak against Martha Bartkowiak for accounting, money award, and constructive trust. Bill dismissed on motion. Plaintiffs appeal. Affirmed.

*Peters & Gropman* (*Jerome C. Gropman,* of counsel), for plaintiffs.

*Robert J. Colombo,* for defendant.

SMITH, J. Plaintiff, Cecilia Dutkiewicz (formerly Bartkowiak), and defendant, Martha Bartkowiak, at one time were married to 2 brothers, Joseph and Anthony Bartkowiak, respectively. Both men died prior to suit, the former in 1936, and the latter in 1953. Mary Josephine Bartkowiak is the daughter of Cecilia Dutkiewicz and the late Joseph Bartkowiak.

Plaintiffs filed their bill in chancery in 1961, claiming fraud by defendant occurring in 1926, but discovered in 1957. After amendment to the bill was permitted, over defendant's objection, the trial court dismissed the amended bill on motion of defendant. From this dismissal, plaintiffs appeal.

Allegations of the amended bill are as follows: That plaintiff Cecilia was married to the late Joseph Bartkowiak on July 3, 1924, and at the time they became owners of certain property interests, primarily land contracts; that the newly married couple executed a general power of attorney to defendant's husband, Anthony Bartkowiak, who was "completely illiterate" so far as the English language was concerned and that because of her husband's illiteracy, defendant handled all of the business affairs includ-

ing keeping books on the property entrusted to him under the power of attorney. In response to a request for an accounting, defendant allegedly advised that "she and her deceased husband, Anthony Bartkowiak, did not own any property of the plaintiff nor had they made any collections or in any way tampered with the property," and relying upon "said representation" plaintiff was induced to sign a revocation of the power of attorney. Plaintiffs say defendant's representations were false and that, by virtue of the deception, plaintiffs have been deprived of "many parcels of property and great sums of money in the collection of certain land contracts" to their detriment.

A decree is sought for an accounting, money, and a constructive trust. Issues presented on appeal are whether the allegations state a cause of action for fraud; and, if so, should the action be barred by laches.

Defendant argues that plaintiffs have not well-pleaded an action for fraud. She says "the defendant must be reasonably apprised of the nature of the fraud."

Viewing allegations set forth above, we are constrained to agree with defendant that plaintiffs fail to set forth facts with sufficient particularity as would reasonably apprise defendant of what she is required to defend. The amended bill is but another shotgun pleading for which plaintiffs seek a hunting license. Defendant is entitled to know, insofar as plaintiffs are able to state, specifically what land contracts on what parcels of property are involved. Surely, plaintiffs, after 35 years in which to investigate, must have known what properties they had an interest in back in 1924. Yet the amended bill is silent as to this. Not a single parcel is mentioned, either by legal description or otherwise.

In *Pforzheimer* v. *Selkirk,* 71 Mich 600, this Court held that an action in fraud must definitely and issuably set forth the facts complained of and relied upon for recovery. Otherwise, as here, it gives defendant no fair opportunity to defend.

Agreeing with the trial court's disposition, as we do, it is not necessary to discuss the issue of laches.

Affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.