CLEMENT-ROWE v MICHIGAN HEALTH CARE CORPORATION

Docket No. 155446. Submitted December 15, 1993, at Detroit. Decided
    March 15, 1995; approved for publication August 2, 1995, at
    9:00 A.M.

    Karen Clement-Rowe brought an action in the Wayne Circuit
    Court against Michigan Health Care Corporation, alleging
    wrongful discharge from employment and misrepresentation.
    The court, John R. Kirwan, J., granted summary disposition for
    the defendant. The plaintiff appealed.

        The Court of Appeals held:

        1. Statements made by management personnel to employees
    may create a legitimate expectation of termination for cause
    only, but the expectation must be based on both a subjective
    and objective belief that the employee has been hired under a
    just-cause contract. The plaintiff signed an application form
    that provided that she was an at-will employee and understood
    that the defendant could terminate her employment at any
    time and for any reason. The plaintiff did not have a subjective
    or objective belief that she had been hired under a just-cause
    contract. The trial court properly granted the defendant's
    motion for summary disposition of the wrongful discharge
    claim.

        2. The plaintiff presented evidence that established the ele-
    ments of her fraud claim. A question of fact existed with regard
    to whether the defendant failed to disclose to the plaintiff its
    financial condition with the intention to induce her to rely on
    the nondisclosure in accepting employment. The order of sum-
    mary disposition must be reversed with regard to the misrepre-
    sentation claim and the matter must be remanded for a trial
    regarding that claim.

        Affirmed in part, reversed in part, and remanded.

        WHITE, J., dissenting from the decision to reverse and re-
    mand with regard to the misrepresentation claim, stated that

REFERENCES

Am Jur 2d, Fraud and Deceit §§ 146, 216; Master and Servant
    §§ 27, 43.
See ALR Index under Discharge from Employment or Office; Fraud
    and Deceit.

the plaintiff's deposition testimony and affidavit were insufficient to create a genuine issue of material fact in light of the defendant's motion and supporting affidavits.

1. MASTER AND SERVANT — WRONGFUL DISCHARGE — TERMINATION FOR CAUSE.

Statements made by management personnel to employees may create a legitimate expectation of termination for cause only; the expectation must be based on both a subjective and objective belief that the employee has been hired under a just-cause contract.

2. MASTER AND SERVANT — WRONGFUL DISCHARGE — EMPLOYMENT AT WILL.

Employment may be terminated for any or no reason where the employee has signed a disclaimer describing the employment as at-will and there has been no subsequent modification of the disclaimer.

3. FRAUD — FALSE MATERIAL MISREPRESENTATIONS — SILENT FRAUD.

The false material misrepresentation element necessary to establish a claim of fraud may be established by evidence that the defendant failed to divulge a fact that the defendant had a duty to disclose and intended to induce the plaintiff to rely on its nondisclosure.

*Golden & Kunz* (by *Robert H. Golden*), for the plaintiff.

*Butzel Long, P.C.* (by *John P. Hancock, Jr.,* and *Robert A. Boonin*), for the defendant.

Before: MARILYN KELLY, P.J., and WHITE and D. F. BRECK,* JJ.

PER CURIAM. Plaintiff, Karen Clement-Rowe, appeals as of right from the trial court's grant of summary disposition in favor of her employer, Michigan Health Care Corporation, in a wrongful discharge action. We affirm in part, reverse in part and remand.

Plaintiff accepted an offer to become an employee health nurse with Michigan Health Care

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Corporation. She sold her home in Saginaw and moved to Detroit. About one month after hiring her, in response to a severe financial crisis, defendant terminated the employment of one hundred fifty of its employees, including plaintiff. Her salary and benefits were continued for two months, through December 31, 1990. In April, 1991, defendant rehired plaintiff in a new position and with a salary increase of $4,800.

I

In her suit, plaintiff alleged that she had been wrongfully discharged and that, when hiring her, defendant had misrepresented its financial condition to her. While she acknowledged signing an employment contract containing an at-will employment clause, she contended that defendant's personnel officer modified it through oral representations regarding the company's financial condition.

This Court reviews a grant of summary disposition de novo, examining the record to determine whether a party was entitled to judgment as a matter of law. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993).

As a general rule, employment for an indefinite term is presumed to be terminable at the will of either party. *Kostello v Rockwell Int'l Corp,* 189 Mich App 241, 244; 472 NW2d 71 (1991). An employee may overcome the presumption by proof that there was a promise of employment security implied in fact. *Biggs v Hilton Hotel Corp,* 194 Mich App 239, 240-241; 486 NW2d 61 (1992). Oral statements of job security must be clear and unequivocal to overcome the presumption that employment is at-will. *Rowe v Montgomery Ward & Co, Inc,* 437 Mich 627, 645; 473 NW2d 268 (1991).

Statements made by management personnel to employees may create a legitimate expectation of termination for cause only; the expectation must be based on both a subjective and objective belief that the employee has been hired under a just-cause contract. *Gonyea v Motor Parts Federal Credit Union,* 192 Mich App 74, 83; 480 NW2d 297 (1991). Once a disclaimer describing employment as at-will is signed by an employee, excepting any subsequent modification, the employee may be terminated for any reason or for no reason. *Scholz v Montgomery Ward & Co, Inc,* 437 Mich 83, 94; 468 NW2d 845 (1991).

Here, plaintiff admitted that she had signed an application form which provided that she was an at-will employee. She testified that she understood that the at-will clause permitted defendant to terminate her employment at any time and for any reason. By signing the application and admitting that she understood the clause, she cannot now establish either a subjective or objective belief that she had any degree of job security.[1]

Furthermore, even if plaintiff could establish that she was a just-cause employee, bona fide economic reasons for discharge constitute just cause for termination. *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 114; 469 NW2d 284 (1991). Plaintiff has not challenged defendant's proofs that adverse business conditions necessitated the elimination of her position.

---

[1] Several cases on wrongful discharge have not dealt with situations in which the complainant admitted signing a form which contained an at-will clause. Consequently, it is unnecessary to engage in the analysis required in them to determine whether plaintiff could establish that her employment contract was at-will or for just cause. See *Rood v General Dynamics Corp,* 444 Mich 107; 507 NW2d 591 (1993); *Barnell v Taubman Co, Inc,* 203 Mich App 110; 512 NW2d 13 (1993); *Manning v Hazel Park,* 202 Mich App 685; 509 NW2d 874 (1993).

II

Plaintiff also contends that the trial court erred in dismissing her claim of misrepresentation.

A

A fraud claim may be made in any employment situation under circumstances similar to those involved here if properly supported by the evidence. *Brownell v Garber,* 199 Mich App 519, 533; 503 NW2d 81 (1993). The *Brownell* decision sets forth the six elements of a fraud claim:

(1) a material representation
(2) that is false
(3) that defendant made knowing it to be false or that it made recklessly without any knowledge of its truth and as a positive assertion;
(4) with the intent that it should be acted upon by the plaintiff,
(5) that it was acted upon by the plaintiff, and
(6) resulted in the plaintiff's injury.

Viewing the facts in a light most favorable to plaintiff here, the elements of fraud are present and require reversal.

According to plaintiff's affidavit of January 22, 1992, defendant's personnel director, Gary Johnson, told her that money for her position had been allocated. The statement, if made, constitutes a material representation which proved to be false. If Johnson made the statement responding to plaintiff's specific inquiry, he may have known it was untrue or made it without any knowledge of its truth. Presumably, he made it in order to allay plaintiff's hesitancy to accept the job offer because of concern about the financial health of the company. Plaintiff claims to have accepted the position

in reliance on the assertion. Finally, while she successfully mitigated some of her damages, she may show she suffered injury. Thus all the elements of a fraud claim are present.

**B**

Plaintiff also alleges silent fraud. The false material representation needed to establish fraud may be satisfied by the failure to divulge a fact or facts the defendant has a duty to disclose. *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC,* 107 Mich App 509, 517; 309 NW2d 645 (1981). A claim of silent fraud requires a plaintiff allege that the defendant intended to induce him to rely on its nondisclosure and that defendant had an affirmative duty to disclose. *Lowery v Dep't of Corrections,* 146 Mich App 342, 356-360; 380 NW2d 99 (1985).

In her complaint, plaintiff alleged that defendant had a duty to disclose its adverse financial conditions and intended to induce her to rely on the nondisclosure in accepting employment. Defendant asserts that it was not aware of the financial difficulties until after plaintiff was hired. However, we believe this is a question of fact sufficient to have withstood defendant's motion for summary disposition.

Today's employment market is both tenuous and difficult. Nearly all employment is at-will. The economic well-being and financial stability of a potential employer is an important factor in accepting a job offer. Consequently, an employer who succeeds in asserting its economic health to attract qualified employees knowing the assertions are untrue may not later hide behind an at-will employment contract. Neither may it be permitted to avoid liability after omitting to disclose, when

asked, known economic instability which later leads to economically-based layoffs.

We affirm the trial court's grant of summary disposition on plaintiff's wrongful discharge claim. However, we reverse and remand for a trial on her misrepresentation claims. We deny costs to defendant.

WHITE, J. *(concurring in part and dissenting in part)*. I join in the majority's discussion and disposition of the breach of contract issue.

I dissent, however, from the majority's conclusions regarding the misrepresentation claims. While I agree in principle with the majority's discussion of the issue, I conclude that plaintiff's deposition testimony and affidavit were insufficient to create a genuine issue of material fact in light of defendant's motion and supporting affidavits.

I would affirm.