*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ZAID KASI SALAH AL-ZABET,

Plaintiff-Appellant,

v

PETER ANSARA and ANTONE ANSARA, also known as TONY ANSARA,

Defendants-Appellees.

UNPUBLISHED
January 22, 2019

No. 340481
Macomb Circuit Court
LC No. 2017-001883-CZ

Before: GLEICHER, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting summary disposition to defendants under MCR 2.116(C)(4), (7), (8), and (10). We affirm in part, reverse in part, and remand for further proceedings.

## I. BASIC FACTS

This case arises from allegations that defendants' nonparty brother—Sam Ansara—fraudulently induced plaintiff into giving Sam money as part of a scheme that defendants were allegedly aware of and benefited from. Plaintiff resides in the city of Amman in the country of Jordan. Defendants are residents of Michigan and operate jewelry stores. According to plaintiff's complaint, Sam formerly lived in Amman, and while he did, he "solicited" plaintiff on January 10, 2013, to invest "in the diamond business shared by Sam and his Defendant brothers." Plaintiff allegedly gave Sam "147,000 Jordinian Dinars, which is the equivalent of $204,000.00 United States dollars." Sam "assured" plaintiff "that he would double the amount as a return on his investment." According to the complaint, on June 28, 2013, Sam tendered plaintiff a check for 147,000 dinars, but when plaintiff went to deposit the check, it bounced. Sam "immediately thereafter . . . fled to the United States."

Count I of plaintiff's complaint alleged "Fraud and/or misrepresentation." This count alleged that defendants "conspired with" Sam "to obtain an investment from the Plaintiff in jewelry stores owned by the Defendants" in Michigan, and that defendants "were well aware as well as active and/or silent participants in the conspiracy to defraud Plaintiff." The count went

on to allege that (1) defendants "made certain material representations to the Plaintiff" about his "investment" "through their brother Sam," (2) "Defendants were acting with direct knowledge of their activities with [Sam], as well as benefited from said activities," and (3) "at the time said representations were made, Defendants intended for Plaintiff to rely upon the same." The count also stated that at the time the representations were made, "Defendants knew or should have known that [they were] false" or "were made with reckless disregard" of the truth, and plaintiff relied on those representations to his detriment. Count II of plaintiff's complaint alleged "Conversion." For that count, plaintiff alleged that defendants wrongfully obtained—and remained in wrongful possession of—plaintiff's money, despite plaintiff's demands that they return it. Count III of plaintiff's complaint alleged "Unjust Enrichment." That count incorporated the allegations from the other counts, and then stated that "with Defendants['] conduct of retaining 147,000 Jordanian Dinars . . . Defendants have received the benefit of the Plaintiff's monies, without appropriate consideration," and concluded that defendants had therefore "been unjustly enriched" in that amount.

On June 20, 2017, in lieu of filing an answer, defendant Antone filed a motion for summary disposition—which Peter later joined—under MCR 2.116(C)(4), (7), (8), and (10). Antone argued that the trial court lacked jurisdiction—and that summary disposition was thus warranted under MCR 2.116(C)(4)—because the courts of Jordan had exclusive jurisdiction. Antone claimed that a Michigan court could not "fairly administer justice" because there was not "a scintilla of evidence" that the relevant events were connected to "American soil, let alone Oakland County . . . or Macomb County, Michigan."

Antone then contended that, even if the trial court had jurisdiction, all of plaintiff's counts should nonetheless be dismissed. Antone first addressed plaintiff's count of fraud, and argued that he was entitled to summary disposition under MCR 2.116(C)(8) because plaintiff failed to "plead fraud with the requisite particularity[.]" Antone asserted that "[p]laintiff's pleadings fail to demonstrate *any* facts that indicate [a] *single action taken by* [*Antone*], or how [Antone] personally made any promise to Plaintiff that Plaintiff reasonably relied upon to his detriment"; all of the "alleged actions were undertaken by Sam . . . in the country of Jordan." Alternatively, Antone argued that plaintiff's fraud claim should fail as a matter of law because plaintiff's claim was premised on a speculative investment that did not "meet perceived expectations." Antone asserted that it was unreasonable to assume that every investment would meet expectations, that fraud could not be predicated on a promise, and that plaintiff's count sounded in contract, not fraud.

As for plaintiff's count for conversion, Antone argued that it was barred by the statute of limitations. Antone asserted that the statute of limitations for conversion was three years under MCL 600.5805(10), and that plaintiff's claim of conversion was filed well past the three-year limit. Antone lastly contended that plaintiff's unjust enrichment claim failed as a matter of law because plaintiff did not explain how either Antone or Peter benefited from plaintiff's money, and there was "no privity of agreement between Plaintiff and [Antone] through which [the trial court] could impose a quasi-contractual remedy such as Unjust Enrichment."

In response, plaintiff first addressed defendants' subject matter jurisdiction argument and contended that the trial court did have subject matter jurisdiction because no statute or provision of the constitution precluded the court's jurisdiction. Plaintiff asserted that the trial court could "adjudicate" all of his claims—fraud, conversion, and unjust enrichment—so the trial court had

jurisdiction. As for defendants' claim that plaintiff failed to properly plead fraud, plaintiff contended that his complaint sufficiently laid out allegations of fraud. Plaintiff argued that defendants' claim that plaintiff could not "substantiate his allegations" was premature because discovery had not yet taken place. Turning to defendants' argument that plaintiff's conversion claim was time-barred, plaintiff asserted that conversion was subject to a six-year statute of limitations, so his claim was timely filed. Lastly, plaintiff argued that defendants were not entitled to summary disposition on his unjust enrichment claim because plaintiff properly pleaded a claim for unjust enrichment that put defendants on sufficient notice of the claim.

The trial court held a hearing on defendants' motion for summary disposition and took the motion under advisement. On September 18, 2017, the trial court issued an opinion and order granting defendants' motion. In deciding whether it had subject matter jurisdiction, the trial court recited the facts in the complaint that the relevant events took place in Jordan, and then concluded that plaintiff's response to defendants' argument was "devoid of explanation, detail, and citation to relevant legal authority," so it was not "properly before the Court and it need not be considered." The trial court concluded that "defendants' motion must be granted, pursuant to MCR 2.116(C)(4)."

The trial court went on to hold that, even if it had jurisdiction, defendants would still be entitled to summary disposition on all of plaintiff's claims. On the fraud count, the trial court held that summary disposition was proper because plaintiff failed to allege (1) "that defendants made any representations about any alleged investment or transfer of money," or (2) "how defendants personally caused plaintiff to act upon the alleged misrepresentation." The trial court pointed out that all of the claims "concern Sam Ansara, not defendants," and concluded that summary disposition was proper under MCR 2.116(C)(8).

As for plaintiff's conversion claim, the trial court held that the three-year statute of limitations applied, so plaintiff's claim was time-barred and summary disposition for defendants was proper under MCR 2.116(C)(7). Lastly, addressing plaintiff's unjust enrichment claim, the trial court found that plaintiff "failed to establish any of the . . . elements to sustain a claim of unjust enrichment" or "to provide any factual support for his claim of unjust enrichment," and concluded that summary disposition was proper under MCR 2.116(C)(10).

This appeal followed.

## II. STANDARD OF REVIEW

Appellate courts review de novo a trial court's grant of summary disposition. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 506; 885 NW2d 861 (2016). The trial court granted defendants summary disposition under MCR 2.116(C)(4), (7), (8), and (10).

Under MCR 2.116(C)(4), summary disposition is warranted when "[t]he court lacks jurisdiction of the subject matter. See also *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 714; 909 NW2d 890 (2017). For a motion under MCR 2.116(C)(7), summary disposition is warranted where the claim is barred by a "statute of limitations." In *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999), our Supreme Court explained the process for reviewing a motion filed under MCR 2.116(C)(8):

A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. *Wade v Dep't of Corrections*, 439 Mich 158, 162; 483 NW2d 26 (1992). A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. at 163. When deciding a motion brought under this section, a court considers only the pleadings. MCR 2.116(G)(5).

For a motion under MCR 2.116(C)(10), the *Maiden* Court explained the review as follows:

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden*, 461 Mich at 120.]

III. ANALYSIS

A. SUBJECT-MATTER JURISDICTION

The trial court ruled that it did not have subject matter jurisdiction over this case and granted summary disposition to defendants under MCR 2.116(C)(4).

The circuit court is a court of general jurisdiction, MCL 600.151, and has "original jurisdiction in all matters not prohibited by law . . . ." Const 1963, art 6, § 13. "Circuit court jurisdiction over a particular subject matter is denied only by constitution or statute." *Campbell v St John Hosp*, 434 Mich 608, 614; 455 NW2d 695 (1990). "In construing such statutes or constitutional provisions, retention of jurisdiction is presumed and any intent to divest the circuit court of jurisdiction must be clearly and unambiguously stated." *Id*.

Neither defendants nor the trial court cites any statute or constitutional provision that denies the circuit court subject matter jurisdiction over this case. Instead, the trial court ruled that it need not consider plaintiff's argument that the court had subject matter jurisdiction because plaintiff gave the argument cursory treatment. But this is an improper basis for the trial court to conclude that it did not have subject matter jurisdiction. Regardless of what the parties argue or consent to, "[t]he court must make its own determination regarding the existence of a statutory basis for jurisdiction." *In re Hatcher*, 443 Mich 426, 433; 505 NW2d 834 (1993). Indeed, "even sua sponte," "all courts must . . . confirm that subject matter jurisdiction exists[.]" *Reed v Yackell*, 473 Mich 520, 540; 703 NW2d 1 (2005). If a trial court must, even on its own, confirm that it has subject matter jurisdiction, then the onus of proving subject matter jurisdiction does not lie on the parties. Rather, the trial court "*must* make *its own* determination" about whether it has subject matter jurisdiction. *In re Hatcher*, 443 Mich at 433 (emphasis added).

Turning to the merits of whether the trial court had subject matter jurisdiction in this case, the answer is clear. "Generally, subject-matter jurisdiction is defined as a court's power to hear and determine a cause or matter. More specifically, subject-matter jurisdiction is the deciding

-4-

body's authority to try a case of the kind or character pending before it, regardless of the particular facts of the case." *O'Connell v Dir of Elections*, 316 Mich App 91, 100; 891 NW2d 240 (2016) (quotation marks and citation omitted). In short, "[t]he existence of subject matter jurisdiction turns not on the particular facts of the matter before the court, but on its general legal classification." *Winkler by Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327, 341; 901 NW2d 566 (2017).

Here, plaintiff brought three claims: one for fraud, one for conversion, and one for unjust enrichment. The circuit court, as a court of general jurisdiction, MCL 600.151, had authority to hear each of these types of claims. See *O'Connell*, 316 Mich App at 100. And because the circuit court was not barred by constitution or statute from hearing these claims, see *Campbell*, 434 Mich at 614, the trial court erred by concluding that it did not have subject matter jurisdiction.

Both defendants argue that the trial court lacked subject matter jurisdiction because the relevant events took place in the country of Jordan. But they do not explain what effect, if any, this has on whether the trial court has subject matter jurisdiction. Again, they do not identify any statutes or constitutional provisions that divest the circuit court of jurisdiction, see *Campbell*, 434 Mich at 614, nor do they explain why this matter is not of the "general legal classification" that circuit courts have subject matter jurisdiction over, *Winkler by Winkler*, 500 Mich at 341.

Defendant Peter explicitly argues that the trial court lacked subject matter jurisdiction based on forum non conveniens, while defendant Antone implicitly makes the same argument. " 'Forum non conveniens' is defined as the 'discretionary power of court to decline jurisdiction when convenience of parties and ends of justice would be better served if action were brought and tried in another forum.' " *Radeljak v Daimlerchrysler Corp*, 475 Mich 598, 604; 719 NW2d 40 (2006), quoting *Black's Law Dictionary* (6th ed). While it is true that "the ultimate inquiry is where trial will best serve the convenience of the parties," *Cray v Gen Motors Corp*, 389 Mich 382, 391; 207 NW2d 393 (1973) (quotation marks and citation omitted), there is also a multi-factor test laid out in *Radeljak*, 475 Mich at 605-606, that courts are to consider. Neither Peter nor Antone address the factors from *Radeljak*, and we deem their cursory treatment of the issue to be a waiver of this argument. See *Blazer Foods, Inc v Rest Properties, Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003) ("[P]laintiffs have waived the issue by giving it such cursory treatment.").[1]

---

[1] While unrelated to subject matter jurisdiction, Antone argues on appeal that the trial court properly dismissed this entire case because plaintiff failed to include Sam as a necessary party. But Antone fails to explain why this warrants dismissal rather than allowing plaintiff to amend his complaint, so his argument is unpersuasive.

-5-

## B. CONVERSION

The trial court ruled that plaintiff's conversion claim was barred by the three-year statute of limitations in MCL 600.5805(10).[2] On appeal, plaintiff argues that this was error, and that the six-year statute of limitations in MCL 600.5813 actually applied to his claim.

In *Tillman v Great Lakes Truck Ctr, Inc*, 277 Mich App 47; 742 NW2d 622 (2007), this Court addressed whether the statute of limitations for a claim of conversion was three years or six years. The Court recognized that the issue had been decided inconsistently over the years, and ultimately concluded that the three-year statute of limitations applied. *Id*. at 48-49.[3]

Based on *Tillman*, the trial court correctly held that the three-year statute of limitations applied to plaintiff's conversion claim. Plaintiff does not contest that, if the three-year statute of limitations applied, then his conversion claim was time-barred. Thus, the trial court properly granted summary disposition to defendants under MCR 2.116(C)(7) for this claim.

## C. FRAUD

The trial court ruled that plaintiff failed to sufficiently plead fraud, so defendants were entitled to summary disposition under MCR 2.116(C)(8). On appeal, plaintiff contends that he did, in fact, plead facts sufficient to support his claim for fraud.

In *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 254 n 8; 701 NW2d 144 (2005), our Supreme Court explained:

> The elements of fraud are: (1) that the charged party made a material representation; (2) that it was false; (3) that when he or she made it he or she knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he or she made it with the intention that it should be acted upon by the other party; (5) that the other party acted in reliance upon it; and (6) that the other party thereby suffered injury.

In plaintiff's complaint, he never alleged that either Peter or Antone "made a material representation" to him. *City of Novi*, 473 Mich at 254 n 8. The complaint only references representations made by Sam. While plaintiff alleged in his complaint—and continues to allege on appeal—that defendants "conspired with their brother, Sam Ansara, making representations" to plaintiff, he nonetheless failed to allege that *defendants* made a material representation. *City of Novi* is clear that "the charged party" must make the material representation, and numerous cases confirm this principle. See *Hord v Environmental Research Institute of Mich*, 463 Mich

---

[2] MCL 600.was amended effective June 12, 2018, and the language from subsection (10) is now found in subsection (2). See MCL 600.5805, as amended by 2018 PA 183.

[3] The cases cited by plaintiff on appeal to support that the six-year statute of limitations applies to his conversion claim were all discussed by *Tillman*, including *Thoma v Tracy Motor Sales, Inc*, 360 Mich 434; 104 NW2d 360 (1960), which the *Tillman* Court explained "did not actually address the applicable limitations period at all." *Tillman*, 277 Mich App at 49.

399, 404; 617 NW2d 543 (2000); *Scott v Harper Recreation, Inc*, 444 Mich 441, 447 n 3; 506 NW2d 857 (1993); *Clement-Rowe v Michigan Health Care Corp*, 212 Mich App 503, 507; 538 NW2d 20 (1995).

Nonetheless, defendants could be liable for fraud, even if they did not make any direct representations to plaintiff, if Sam was acting as their agent when he allegedly made false representations to plaintiff. See, e.g., *Unibar Maint Services, Inc v Saigh*, 283 Mich App 609, 624; 769 NW2d 911 (2009) (holding that an employer could be liable for employee's fraud when the employee committed the fraud during the course of her employment and the employer was aware of the fraud). But plaintiff cannot proceed on a vicarious-liability theory for fraud because he failed to adequately plead such a theory in his complaint.

In *Dutkiewicz v Bartkowiak*, 372 Mich 386, 389; 126 NW2d 705 (1964), our Supreme Court explained that "an action in fraud must definitely and issuably set forth the facts complained of and relied upon for recovery. Otherwise . . . it gives defendant no fair opportunity to defend." And under MCR 2.112(B)(1), "[i]n allegations of fraud or mistake, the circumstances constituting fraud and mistake must be stated with particularity."

Plaintiff's complaint makes broad allegations that defendants "conspired with" Sam, that "Defendants were well aware as well as active and/or silent participants in the conspiracy," and that "Defendants, through . . . Sam . . . made certain material representations to the Plaintiff." But plaintiff does not explain what the "conspiracy" was, or how defendants were involved in it, i.e., whether Sam was acting as defendants' agent. Thus, we conclude that plaintiff did not plead with particularity that Sam was acting as defendants' agent and, consequently, plaintiff failed to sufficiently plead a claim for fraud. See MCR 2.112(B)(1); *Dutkiewicz*, 372 Mich at 389. Plaintiff did not argue at trial—nor does he argue on appeal—that he could plead his fraud claim with sufficient particularity if permitted to amend his complaint, see *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008) (explaining that an issue is waived on appeal if the appellant fails to raise the issue before the trial court), so we affirm the trial court's dismissal of plaintiff's fraud claim under MCR 2.116(C)(8).

## D. UNJUST ENRICHMENT

The trial court ruled that plaintiff "failed to establish any of the . . . elements to sustain a claim of unjust enrichment" or "to provide any factual support for his claims of unjust enrichment," so it granted summary disposition to defendants under MCR 2.116(C)(10). We conclude that this was error.

"A claim of unjust enrichment requires the complaining party to establish (1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party." *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22-23; 831 NW2d 897 (2012).

Here, plaintiff alleged that Sam promised plaintiff that if plaintiff gave Sam money, Sam would double plaintiff's money. But, according to plaintiff, Sam never intended to give plaintiff back any money, and instead taking plaintiff's money was part of a bigger conspiracy between Sam and defendants to defraud plaintiff. Plaintiff claims that he gave Sam the money, Sam split

plaintiff's money with defendants, and none of them have returned the money despite plaintiff's requests.

Viewing these facts in the light most favorable to plaintiff, he could have a claim for unjust enrichment. According to plaintiff's complaint, Sam defrauded plaintiff of over $200,000, Sam split that money with defendants, and defendants have retained that money. If proven true, this would establish a claim for unjust enrichment. See *id*.

When the trial court dismissed plaintiff's claim under MCR 2.116(C)(10), discovery had not started, so there was no way to know whether plaintiff could establish a material question of fact on any of his assertions in his complaint. We conclude that it was premature for the trial court to rule that plaintiff "failed to provide any factual support for his claim of unjust enrichment" when plaintiff had not yet had a chance to even discover any factual support for his claim. "A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009). Here, it cannot be said that "there is no fair likelihood that discovery will yield support for" plaintiff's position because plaintiff has not had a chance to discover whether defendants may have received some of plaintiff's money from Sam that Sam allegedly illegally took from plaintiff. Thus, we remand to give plaintiff the opportunity for discovery. If, after discovery, plaintiff still cannot produce evidence to support his claim for unjust enrichment, then summary disposition for defendants would be proper.

Both defendants contend that they did not mislead plaintiff and were innocent beneficiaries of the money that Sam allegedly wrongfully took. But this ignores plaintiff's allegations that defendants were not innocent bystanders; plaintiff alleges that defendants were aware of Sam's efforts to defraud plaintiff of over $200,000, and then accepted the illegally-obtained money from Sam. As discovery has not yet taken place, it is unclear whether plaintiff will be able to produce any evidence to support those allegations.

Defendants also argue that unjust enrichment is not a claim available to plaintiff because it is an equitable doctrine only available "where there is no express contract," and plaintiff alleged that he had an express contract with Sam. Defendants are correct that "a contract will be implied only if there is no express contract covering the same subject matter." *Belle Isle Grill Corp v City of Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003). But defendants ignore that "the mere existence" of an express contract is "not sufficient to bar" a plaintiff's claim if the express contract was not between the plaintiff and the defendant. *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 194; 729 NW2d 898 (2006). Like in *Morris*, because the express contract at issue here was not between plaintiff and defendants, the existence of an express contract does not bar plaintiff's recovery. See *id*. at 194-195.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

-8-