BRENNAN v EDWARD D JONES & CO

Docket No. 218427. Submitted March 7, 2001, at Detroit. Decided March 20, 2001, at 9:10 A.M.

Linda L. Brennan and the estate of Susan Angell, deceased, brought an action in the Oakland Circuit Court against Edward D. Jones & Co. and others, alleging and seeking damages for conversion of stock certificates negotiated over the forged signatures of Brennan and Angell. The court, Rudy L. Nichols, J., granted summary disposition for Edward D. Jones & Co., ruling that the claim was barred by the statute of limitations, MCL 600.5805(8), because more than three years elapsed between the last negotiation of the forged stock certificates and the filing of the plaintiffs' complaint. The plaintiffs appealed, claiming that their action is timely because less than three years elapsed between their discovery of the alleged conversion and the filing of their complaint.

The Court of Appeals *held*:

Strong public policies favoring finality in commercial transactions, protecting a defendant from stale claims, and requiring a plaintiff to diligently pursue his claim outweigh the prejudice to plaintiffs and militate against applying the discovery rule in the context of commercial conversion cases.

Affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — COMMERCIAL CONVERSION — DISCOVERY RULE.

The discovery rule—under which a period of limitation does not begin to run until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, the cause of action—does not apply to cases involving commercial conversion (MCL 600.5805[8]).

*Weisman, Trogan, Young & Schloss, P.C.* (by *Anthony V. Trogan* and *Dale P. Ward*), for the plaintiffs.

*Egan & Mazzara, PLLC* (by *Dennis K. Egan* and *Angela Emmerling Boufford*), for Edward D. Jones & Co.

Before: MURPHY, P.J., and HOOD and COOPER, JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting defendant Edward D. Jones & Co.'s motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

Plaintiffs contend that the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) after the court refused to apply the discovery rule to plaintiffs' conversion claim involving the negotiation of stock certificates over plaintiffs' forged signatures. We disagree.

This Court reviews a grant of summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(7), a court "must accept as true a plaintiff's well-pleaded factual allegations, affidavits, or other documentary evidence and construe them in the plaintiff's favor." *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 77; 592 NW2d 112 (1999). Provided there are no factual disputes and reasonable minds cannot differ on the legal effect of the facts, whether a plaintiff's claim is barred by the statute of limitations is a question of law that is reviewed de novo by this Court. *Id.*

The statute of limitations is a procedural device designed to promote judicial economy and protect defendants' rights. *Stephens v Dixon*, 449 Mich 531, 534; 536 NW2d 755 (1995). However, our courts have applied the discovery rule to prevent unjust results

"[w]hen a plaintiff would otherwise be denied a reasonable opportunity to bring suit due to the latent nature of the injury or the inability to discover the causal connection between the injury and the defendant's [action] . . . ." *Lemmerman v Fealk*, 449 Mich 56, 65-66; 534 NW2d 695 (1995).

In this case, plaintiffs' claim sounded in conversion. We have defined conversion as "any distinct act of dominion wrongfully exerted over another's personal property. It occurs at the point that such wrongful dominion is asserted." *Trail Clinic, PC v Bloch*, 114 Mich App 700, 705; 319 NW2d 638 (1982). A claim for the conversion of a forged instrument is governed by the three-year statute of limitations applicable to injuries to persons or property. *Continental Casualty Co v Huron Valley Nat'l Bank*, 85 Mich App 319, 323-324; 271 NW2d 218 (1978). MCL 600.5805 sets forth the period of limitation for injury to property or persons, stating, in pertinent part:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.
>
> *          *          *
>
> (8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

Generally, the limitation period begins to accrue "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827.

In this case, the last negotiation of the forged certificates occurred in 1990. Accordingly, absent application of the discovery rule, the limitation period began to run at the time the conversion of the certificates occurred and plaintiffs were required to file their claim no later than 1993. Because plaintiffs' claim was not filed until late 1997, their claim was untimely and barred. Plaintiffs allege that they did not discover the conversion until 1995. If the discovery rule is applied, plaintiffs claim would have been timely filed because the period of limitations does not begin to run " 'until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he had a possible cause of action.' " *Brown v Drake-Willock Int'l, Ltd*, 209 Mich App 136, 142; 530 NW2d 510 (1995), quoting *Thomas v Process Equipment Corp*, 154 Mich App 78, 88; 397 NW2d 224 (1986).

To determine whether to strictly enforce the statute of limitations or to impose the discovery rule, this Court "must carefully balance when the plaintiff learned of her injuries, whether she was given a fair opportunity to bring her suit, and whether defendant's equitable interests would be unfairly prejudiced by tolling the statute of limitations." *Stephens, supra* at 536. The *Stephens* Court noted that our courts have applied the discovery rule in medical malpractice cases, *Johnson v Caldwell*, 371 Mich 368; 123 NW2d 785 (1963), negligent misrepresentation cases, *Williams v Polgar*, 391 Mich 6; 215 NW2d 149 (1974), products liability cases for asbestos-related injuries, *Larson v Johns-Manville Sales Corp*, 427 Mich 301, 309; 399 NW2d 1 (1986), and in pharmaceutical products liability cases, *Moll v Abbott Laboratories*, 444

Mich 1, 12-13; 506 NW2d 816 (1993). *Stephens, supra* at 537. The Court emphasized that " 'the concern for protecting defendants from "time-flawed evidence, fading memories, lost documents, etc." is less significant in these cases.' " *Id.,* quoting *Larson, supra* at 312, quoting *Eagle-Picher Industries, Inc v Cox,* 481 So 2d 517, 523 (Fla App, 1985).

However, in this case approximately seven years passed between the last negotiation of the forged stock certificates in 1990 and the filing of plaintiffs' complaint in late 1997. We conclude that the strong public policies favoring finality in commercial transactions, protecting a defendant from stale claims, and requiring a plaintiff to diligently pursue his claim outweigh the prejudice to plaintiffs and militate against applying the discovery rule in the context of commercial conversion cases. See *Ins Co of North America v Manufacturers Bank of Southfield NA,* 127 Mich App 278, 283-284; 338 NW2d 214 (1983); *Stephens, supra* at 534. The majority of states have also refused to apply the discovery rule in commercial conversion cases. See *Husker News Co v Mahaska State Bank,* 460 NW2d 476, 477-478 (Iowa, 1990); *Palmer Mfg & Supply, Inc v BancOhio Nat'l Bank,* 93 Ohio App 3d 17, 23-24; 637 NE2d 386 (1994).

Plaintiffs further contend that there is no requirement under the law for a property owner to verify that his possessions have not been stolen. However, those jurisdictions that have refused to apply the discovery rule in commercial conversion cases have presumed that property owners

> know what and where their assets are, despite the fact that the presumption may work a hardship upon the property owner who fails to discover his or her ownership rights

until after the period has run. [*Fuscellaro v Industrial Nat'l Corp*, 117 RI 558, 563; 368 A2d 1227 (1977).]

The trial court did not err in granting defendant's motion for summary disposition after rejecting the application of the discovery rule and applying the statute of limitations.

Affirmed.