# STATE OF MICHIGAN

# COURT OF APPEALS

BBC RESTAURANT LLC and COOLIDGE
INVESTMENTS LLC,

UNPUBLISHED
May 14, 2015

Plaintiffs/Counter-Defendants-
Appellants,

v

No. 319354
Oakland Circuit Court
LC No. 2011-122968-CK

BDC LIMITED LLC,

Defendant/Counter-Plaintiff,

and

LEIGH JEFFREY ROSE,

Defendant,

and

STEPHEN M. FELDMAN,

Defendant/Counter-Plaintiff-
Appellee,

and

MARCO PIEROBON and LUCIANO
PIEROBON,

Counter-Defendants.

Before: TALBOT, C.J., and CAVANAGH and METER, JJ.

PER CURIAM.

In this action arising from the sale of a business, plaintiffs BBC Restaurant LLC (BBC) and Coolidge Investments LLC (Coolidge) appeal as of right an order that granted summary

-1-

disposition to defendant Stephen M. Feldman with respect to their conversion claim against him.[1]  We affirm.

Feldman was the sole member of BDC Limited LLC (BDC).  Pursuant to a September 3, 2010, Asset Purchase Agreement, BDC purchased a restaurant and related assets from BBC.  Coolidge owned the building where the restaurant was being operated and leased the premises to BDC.  Marco Pierobon and Luciano Pierobon are the members of both BBC and Coolidge.  The purchase price for the restaurant and its assets was $220,813, and BDC gave plaintiffs a $50,000 down payment, a Security Agreement, and a Secured Promissory Note for the remainder.[2]  Pursuant to the Security Agreement, BDC granted BBC a security interest in "all property now or hereafter located on the Restaurant's premises . . . or any part thereof and used or useable in connection with any present or future operation of the Restaurant (referred to collectively as the 'Collateral['] )[.]"  While the sale was pending, BDC and its agent, Leigh Jeffrey Rose, managed the restaurant.

By September 2011, BDC had defaulted on its payment obligations.  Consequently, on November 10, 2011, plaintiffs obtained an injunction that ordered BDC not to "transfer, sell, destroy, interfere with, or exercise any further control over the collateral . . . ."  Then, on November 30, 2011, the trial court issued an order that required BDC and Rose to return, within seven days, certain equipment that had been removed from the restaurant.  Evidently, this order was violated.

Rose subsequently filed for bankruptcy.  At the bankruptcy hearing, Rose testified that he removed equipment from the restaurant pursuant to Feldman's instructions.  Feldman offered to arrange the return of at least some of the assets.[3]  Based upon the allegedly improper removal of Collateral, plaintiffs alleged conversion against Feldman.

Regarding Feldman's motion for summary disposition, the trial court ruled:

> Although the terms of the Security Agreement provide BBC with a security interest in the terms listed as Collateral, Plaintiffs have not shown that Defendants exercised "domain" over Plaintiffs' property or converted the Collateral to their own use.  Instead, it is undisputed that the Collateral was stored in Rose's airplane hangar and home.  Therefore, Plaintiffs' claim for common law and statutory conversion fails as a matter of law.  See *Brennan v Edward D Jones & Co*, 245 Mich App 156, 158[; 626 NW2d 917] (2001) (holding that conversion "occurs at the point that such wrongful dominion is asserted"); see also MCL 600.2919a.  [Emphasis omitted.]

---

[1] There were numerous other claims below, but this is the sole claim on appeal.

[2] The documents connected with the sale were signed by Leigh Jeffrey Rose as "Authorized Agent" of BDC.

[3] Feldman maintained that Rose had purchased some assets separately from the transactions with BBC.

It is apparent that the trial court granted Feldman's motion for summary disposition pursuant to MCR 2.116(C)(10). "This Court reviews de novo a trial court's decision on a motion for summary disposition." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 52; 760 NW2d 811 (2008). A motion for summary disposition brought pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). A mere possibility that the claim might be supported by evidence at trial is insufficient for a claim to survive. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006). Review is limited to the evidence that had been presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009).

Plaintiffs alleged both common law and statutory conversion of Collateral.

> Common law conversion . . . consists of any "distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." Conversion may occur when a party properly in possession of property uses it in an improper way, for an improper purpose, or by delivering it without authorization to a third party. [*Dep't of Agriculture v Appletree Mktg, LLC*, 485 Mich 1, 13-14; 779 NW2d 237 (2010), quoting *Foremost Ins Co v Allstate Ins Co*, 439 Mich 378, 391; 486 NW2d 600 (1992).]

MCL 600.2919a describes statutory conversion and provides, in pertinent part:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

> (a) Another person's stealing or embezzling property or converting property to the other person's own use.

> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

We note, initially, that as the appellants, plaintiffs bear the burden in this appeal to provide this Court with the basis for their arguments. *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). As support for their position that a question of fact exists regarding whether Feldman committed conversion, plaintiffs point to the testimony provided by Rose in connection with his bankruptcy. Rose testified as follows:

> *Q.* Is it your position that the equipment you removed from the Berkley Bistro and Café was owned by BBC Limited, L.L.C.?

> *A.* That's correct.

*Q*. Okay. And under whose authority did you remove that equipment if you didn't have an ownership interest in that entity?

*A*. A member of the—of the BBC.

*Q*. And who is the member?

*A*. Feldman.

Evidently, plaintiffs believe that the above references to "BBC" provide evidence that Rose removed BBC property at the direction of Feldman. However, it is patently apparent that these references to "BBC" were either transcription errors or misspoken words. Indeed, Feldman was not a member "of the BBC" but instead was the sole member of BDC. Moreover, the full name of BDC is "BDC Limited LLC" and the full name of BBC is "BBC Restaurant LLC," and Rose was asked about "BBC *Limited*, L.L.C." (emphasis added). The only fair reading of the testimony indicates that what Rose actually meant was that he removed equipment owned by BDC, not BBC, at Feldman's direction. This is consistent with Feldman's testimony that he did not instruct Rose to remove Collateral as defined in the financing statement. Thus, plaintiffs have failed to point to sufficient evidence that Rose was directed by Feldman to remove Collateral owned by plaintiffs.[4]

Additionally, as noted by the trial court, the equipment at issue was stored at Rose's airplane hangar and home. Plaintiffs make no attempt to argue that Feldman directed Rose to store the assets in these places. As such, plaintiffs have failed to establish any genuine issue of material fact regarding whether *Feldman* exercised dominion over Collateral. Under all the circumstances, the trial court did not err in granting Feldman summary disposition regarding plaintiffs' conversion claim.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

---

[4] To read the testimony in a less-than-commonsense fashion would be to entertain a mere possibility that the claim might be supported by evidence at trial. *Bennett*, 274 Mich App at 317.