*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GIUSEPPE BALSAMO and CALOGERA
BALSAMO,

        Plaintiffs/Counterdefendants-
        Appellants,

v

DALCOMA PROPERTY, LLC,

        Defendant/Counterplaintiff-Appellee,

and

FRANK D'ANNA, DAMIANO RANDAZZO,
SHADY LANE DEVELOPMENT CO., LLC, and
FRANK MANCINI,

        Defendants-Appellees.

UNPUBLISHED
May 18, 2023

No. 361114
Oakland Circuit Court
LC No. 2021-185914-CB

Before: PATEL, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

Guiseppe Balsamo[1] claims that defendants Dalcoma Property, LLC, Frank D'Anna, Damiano Randazzo, Shady Lane Development Co., LLC, and Frank Mancini fraudulently induced him to relinquish his membership interest in Dalcoma over a dozen years ago in reliance on an agreement that his membership interest would be returned to him when his immigration issues were cured. When Balsamo's citizenship issues were cured in June 2014, defendants failed to return his membership interest. Balsamo alleges that this failure to return his interest was a breach of the agreement and a conversion of his interest, among other things. But Balsamo did not file

---

[1] The original complaint also named Guiseppe's wife, Calogera Balsamo, as a plaintiff, but she was omitted from the first amended complaint and only remained a party to the action as a counterdefendant. Calogera is not a party to this appeal.

his claims until January 2021. Because Balsamo commenced this action after the expiration of the applicable statutes of limitations, we affirm the trial court's grant of summary disposition in favor of defendants.

## I. BACKGROUND

Dalcoma, which was organized in February 2001, owns and operates a multi-unit commercial property in Clinton Township, Michigan. Shady Lane is a member of and owns 78% of Dalcoma. D'Anna, Randazzo, and Mancini are also members of Dalcoma and own the remaining 22%. Balsamo alleges that he was or should also be a member of Dalcoma with a membership interest of 12.5%.

Before Shady Lane acquired its interest in Dalcoma, defendants told Balsamo in 2009 that it was necessary to remove his membership interest from Dalcoma's records because his immigration issues were adversely affecting Dalcoma's business affairs. But Balsamo was allegedly told that his membership interest would be returned to Dalcoma's records "at the right time" after his immigration issues were cured. According to Balsamo, his 12.5% interest went to Randazzo in 2009 and, in exchange, Randazzo promised to pay Balsamo 50% of any income, distributions, dividends, compensation or value he received annually.[2] Balsamo allegedly never received any money from his membership interest after 2009. In June 2014, Balsamo became a United States citizen. Although Balsamo's immigration issues were cured, defendants allegedly told him it was not the right time to restore his membership interest. In October 2018, Randazzo sent an e-mail to Balsamo's son discussing refinancing of a loan for Dalcoma and stated, "If it refinances it would be a good time to bring your Dad in." But Balsamo's membership interest was not restored.

Balsamo filed this action on January 22, 2021. In June 2021, D'Anna, Dalcoma and Shady Lane filed motions for summary disposition pursuant to MCR 2.116(C)(5), (7) and (8). Balsamo filed his First Amended Complaint (FAC) on June 25, 2021, and defendants withdrew their motions for summary disposition. The FAC stated nine counts: common-law and statutory conversion (Count I), fraudulent misrepresentation (Count II), breach of contract – the membership agreement (Count III), breach of contract – the agreement (Count IV), unjust enrichment (Count V), breach of common-law and statutory fiduciary duties, MCL 450.4402; MCL 450.4404 (Count VI), member oppression, MCL 450.4515 (Count VII), civil conspiracy (Count VIII), and application for order compelling inspection of books and records and an accounting under MCL 450.4530 (Count IX). In July 2021, Dalcoma filed counterclaims against Balsamo and his wife, but these claims were ultimately dismissed with prejudice pursuant to the stipulation of the parties and are not at issue in this appeal.

Before the close of discovery, defendants filed renewed motions for summary disposition seeking dismissal of Balsamo's claims pursuant to MCR 2.116(C)(5), (7) and (8). Relevant to this appeal, defendants argued that Counts I through VIII of the FAC were barred by the applicable statutes of limitations because the claims accrued no later than June 2014 when Balsamo remedied his immigration issues by becoming a United States citizen. Defendants maintained that Counts

---

[2] Plaintiff refers to this transaction as the "Agreement."

I, VI, VII, and VIII were each governed by a three-year limitations period that expired in June 2017 and thus the claims were time-barred. And defendants asserted that Counts II, III, IV, and V were each governed by a six-year limitations period that expired in June 2020 and thus the claims were time-barred.

In response, Balsamo contended that all his claims were timely filed or, alternatively, that the statutes of limitations were tolled under MCL 600.5855 because defendants fraudulently concealed the claims until August 3, 2020, which is when Dalcoma notified him that he was no longer a member and had no interest in the company. Balsamo acknowledged that he started questioning defendants regarding the restoration of his interest after he became a citizen in June 2014, but he contended that his causes of action did not accrue at that time because defendants told him that it was not the right time. He maintained that, pursuant to the terms of the agreement, the triggering event for the restoration of his membership interest was "the right time." According to Balsamo, the agreement was not breached until defendants failed to restore his membership interest in October 2018 when Randazzo said that it was a good time to bring Balsamo in. Balsamo argued that even if his claims were not timely filed under the applicable statutes of limitations, defendants fraudulently concealed the claims and thus under MCL 600.5855 he had two years from August 3, 2020 to commence an action.

Defendants' depositions were conducted after Balsamo responded to defendants' motions for summary disposition. Balsamo filed a motion to supplement his motion responses with new information received in discovery. He also requested that the hearing on defendants' motions for summary disposition be postponed until after discovery closed. The trial court denied Balsamo's motion.

The trial court granted defendants' motions for summary disposition without oral argument. The trial court concluded that the six-year statute of limitations barred Balsamo's claims for fraudulent misrepresentation (Count II), breach of contract (Counts III and IV), and unjust enrichment (Count V). The trial court also found that the three-year statute of limitations barred Balsamo claims for conversion (Count I), civil conspiracy (Count VIII), breach of fiduciary (Count VI), and member oppression (Count VII). The trial court based its determination on the fact that Balsamo's claims arose out of defendants' alleged failure to return his membership interest in Dalcoma in June 2014, when Balsamo resolved his immigration issues. The trial court further found that fraudulent concealment did not toll the statutes of limitations because Balsamo failed to allege any specific acts or misrepresentations made by defendants. The trial court dismissed Counts I through VIII pursuant to MCR 2.116(C)(7).[3] Balsamo filed a motion for reconsideration, which the court denied. Balsamo now appeals.

## II. STANDARD OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by a statute of

---

[3] The trial court also dismissed Count IX pursuant to MCR 2.116(C)(8). But Balsamo does not challenge that portion of the court's order on appeal.

limitations. Whether a statute of limitations bars a claim is a question of law that this Court reviews de novo when the underlying facts are not disputed. *O'Leary v O'Leary*, 321 Mich App 647, 651; 909 NW2d 518 (2017).

## III.  STATUTES OF LIMITATIONS

Balsamo argues that the trial court erred in finding that Counts I, II, IV, V, VII, and VIII were time-barred by their applicable statutes of limitations and dismissing those claims. We disagree.[4]

### A.  COUNT I – COMMON LAW AND STATUTORY CONVERSION, EMBEZZLEMENT, DISPOSITION, AND POSSESSION OF STOLEN PROPERTY

It is undisputed that Balsamo's conversion claim is governed by the three-year period of limitations set forth in MCL 600.5805(2). *Tillman v Great Lakes Truck Ctr, Inc*, 277 Mich App 47, 49; 742 NW2d 622 (2007); *Brennan v Edward D Jones & Co*, 245 Mich App 156, 158; 626 NW2d 917 (2001). Conversion is an act of dominion over another's personal property and occurs when wrongful dominion is asserted. *Brennan*, 245 Mich App at 158. Balsamo alleged in the FAC that defendants violated MCL 600.2919a when they "converted [his] 12.5% membership interest in Dalcoma, which was supposed to be returned to Balsamo when his citizenship issues were cured." He also alleged that defendants "converted [his] income, distributions, dividends, remuneration, compensation and value, he was supposed to receive under the Agreement." He further alleged that defendants "converted [his] income, distributions, dividends, remuneration, compensation and value, he was supposed to receive as a 12.5% member of Dalcoma."

Balsamo argues that the trial court erroneously concluded that his conversion claim accrued in June 2014 when his citizenship and immigration issues were resolved. He contends that, pursuant to the terms of the agreement, the triggering event for the restoration of his membership interest was "the right time" and thus the conversion did not occur until defendants failed to restore his membership interest in October 2018—when Randazzo said that it was a good time to bring Balsamo in. Generally, a limitation period begins to accrue "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Balsamo alleged in the FAC that his immigration issues were cured in June 2014 when he became a citizen, but defendants "have not returned [his] membership interest in Dalcoma." He also alleged that he "has never received any distributions, compensation or remuneration from Defendants."

Accepting Balsamo's allegations as true, in 2009 (or earlier) defendants exercised dominion over the income, distributions, dividends, remuneration, compensation and value that he was supposed to receive as a 12.5% member of Dalcoma. In 2009, defendants exercised dominion over the income, distributions, dividends, remuneration, compensation and value that he was

---

[4] Balsamo also asserts in his introduction that the trial court erred in denying his request to supplement his response with evidence produced during discovery. But he has waived this issue by failing to include it in his statement of questions presented and thus we decline to review it. *River Investment Group, LLC v Casab*, 289 Mich App 353, 360; 797 NW2d 1 (2010); MCR 7.212(C)(5).

supposed to receive under the 2009 agreement. Finally, defendants exercised dominion over his 12.5% membership interest in Dalcoma in 2014 when his citizenship issues were cured and they failed to restore his membership interest. Because Balsamo did not file his claim until January 22, 2021, the trial court did not err in determining that his conversion claim was barred by the three-year statute of limitations.

## B. COUNT II – FRAUDULENT MISREPRESENTATION

It is undisputed that Balsamo's fraudulent misrepresentation claim is governed by a six-year limitations period. MCL 600.5813; *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007). The limitations period begins to run from the time the claim accrues, and the claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. "Common-law fraud or fraudulent misrepresentation entails a defendant making a false representation of material fact with the intention that the plaintiff would rely on it, the defendant either knowing at the time that the representation was false or making it with reckless disregard for its accuracy, and the plaintiff actually relying on the representation and suffering damage as a result." *Alfieri v Bertorelli*, 295 Mich App 189, 193; 813 NW2d 772 (2012). A claim for fraudulent misrepresentation requires an affirmative false representation intended to deceive. *M & D, Inc v W B McConkey*, 231 Mich App 22, 27; 585 NW2d 33 (1998). A plaintiff must also show that any reliance on defendants' representations was reasonable. *Foreman v Foreman*, 266 Mich App 132, 141–142; 701 NW2d 167 (2005).

Accepting the allegations in the FAC as true, Balsamo does not allege any specific acts or events committed by defendants that occurred within the six-year period before he filed his complaint in January 2021, except for his allegation that he "would receive a return of his membership interest when a loan was refinanced [sic] 2018, and this never occurred."[5] This allegation is based on an October 24, 2018 e-mail from Randazzo to Balsamo's son that stated in pertinent part:

> They are thinking of refinancing the building again because right now it's a floating rate. Current rate is 6.25% and adjusting every month.
>
> If it refinances, it would bring a good time to bring your dad in.

Considering this e-mail in a light most favorable to Balsamo, it does not clearly state that his membership interest *would* be returned. The e-mail states "*if* it refinances," not *when*, as Balsamo alleged. And it states, "it would be a good time to bring your Dad in," not this is the "right time" to restore Balsamo's interest. Moreover, the e-mail was not sent to Balsamo; it was only sent to his son. Balsamo had knowledge since June 2014 that his immigration issues were cured and his right to restoration of his membership interest was triggered. Because defendants failed to restore Balsamo's membership interest when he fulfilled his part of the agreement in June 2014, the trial

---

[5] In his brief on appeal, Balsamo asserts that defendants conspired to defraud him between 2018 and 2022. But this allegation was not included in the FAC.

court did not err in concluding that the fraudulent misrepresentation claim accrued in June 2014 and thus was time-barred.

## C. COUNT IV – BREACH OF CONTRACT – THE AGREEMENT

It is undisputed that Balsamo's breach of contract claim is governed by a six-year limitations period. MCL 600.5813; *Adams v Adams*, 276 Mich App 704, 710; 742 NW2d 399 (2007). The period of limitations begins to run from the time the claim accrues, and the claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. To determine what constituted the "wrong upon which the claim is based," a court must first look to the parties' agreement. *Scherer v Hellstrom*, 270 Mich App 458, 463; 716 NW2d 307 (2006).

Balsamo alleged in the FAC that defendants breached the 2009 agreement that required him to relinquish his membership interest in Dalcoma until he cured his immigration issues. Balsamo alleged that he upheld his end of the agreement by curing his immigration issues and becoming a United States citizen in June 2014, but defendants never fulfilled their obligation to return his membership interest and they never paid him 50% of money given to Randazzo. On appeal, Balsamo argues that defendants breached the contract on October 24, 2018, when defendant indicated that it was the right time to restore his interests, but failed to do so. As discussed above, the October 2018 e-mail does not clearly state that Balsamo's membership interest would be returned. Moreover, Balsamo had knowledge since June 2014 that his immigration issues were cured and his right to restoration of his membership interest was triggered. "For a plaintiff to be sufficiently apprised of a cause of action, a plaintiff need only be aware of a possible cause of action." *The Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 123; 850 NW2d 649 (2014) (cleaned up). Whether a plaintiff should have known of a cause of action is judged under an objective standard. *Prentis Family Foundation v Karmanos Cancer Institute*, 266 Mich App 39, 45 n 2; 698 NW2d 900 (2005). Because defendants failed to restore Balsamo's membership interest when he fulfilled his part of the agreement in June 2014, the trial court did not err in concluding that the breach of contract claim accrued in June 2014 and thus was time-barred.[6]

## D. COUNT V – UNJUST ENRICHMENT

A claim for unjust enrichment is the equitable counterpart of a legal claim for breach of contract. *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 328; 657 NW2d 759 (2002). Statutes of limitation may apply by analogy to equitable claims. *Taxpayers Allied for Constitutional Taxation v Wayne Co*, 450 Mich 119, 127 n 9; 537 NW2d 596 (1995). By analogy, the six-year limitations period for breach of contract applies to the claim for unjust enrichment. Balsamo argues that defendants were unjustly enriched when they converted his interest in Dalcoma by breaching the 2009 agreement. As discussed above, the wrongful conduct that is the basis for Balsamo's claims occurred in June 2014, when defendants refused to restore his membership

---

[6] Balsamo maintains that he is owed 50% of distributions received by Randazzo between 2018 and 2021. But the claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827.

interest in Dalcoma after he cured his immigration issues. We find that the trial court did not err in concluding that the unjust enrichment claim accrued in June 2014 and thus was time-barred.

### E. COUNT VI – BREACH OF FIDUCIARY DUTY

It is undisputed that Balsamo's breach of fiduciary duty claim is subject to a three-year statute of limitations, MCL 600.5805(2), and the claim accrues "when the beneficiary knew or should have known of the breach." *Prentis Family Foundation*, 266 Mich App at 47.[7] Accepting the allegations in the FAC as true, Balsamo does not allege any specific acts or events committed by defendants that occurred within the three-year period before he filed his complaint in January 2021. As discussed above, the wrongful conduct that is the basis for Balsamo's claims occurred, at the latest, in June 2014, when defendants refused to restore his membership interest in Dalcoma after he cured his immigration issues. We find that the trial court did not err in concluding that the breach of fiduciary claim accrued in June 2014 and thus was time-barred

### F. COUNT VII—MEMBER OPPRESSION

"MCL 450.4515(1) provides a cause of action for members of an LLC when the managers' actions are 'illegal or fraudulent or constitute willfully unfair and oppressive conduct toward the limited liability company or the member.' " *Frank v Linkner*, 500 Mich 133, 151; 894 NW2d 574 (2017) (cleaned up). "The harm that is actionable under MCL 450.4515 is the substantial interference with the interests of the member as a member." *Id*. (cleaned up). A plaintiff's action for member oppression accrues when the harm plaintiff alleges first occurred, "i.e., when defendants' actions allegedly interfered with the interests of a plaintiff as a member, making the plaintiff eligible to receive some form of relief under MCL 450.4515(1)." *Id*. at 153. MCL 450.4515(1)(e) provides for a three-year statute of limitations from the date the cause of action accrues or "within 2 years after the member discovers or reasonably should have discovered the cause of action under this section, *whichever occurs first*." (Emphasis added).

Accepting Balsamo's allegations as true, defendants' substantial interference took place in 2009 when defendants colluded to extinguish his interest in Dalcoma, and in 2014 when defendants did not restore his membership interest after he became a United States citizen. Because both dates are well outside of the three-year statute of limitations, *Frank*, 500 Mich at 151; MCL 450.4515(1)(e), we find that the trial court did not err in concluding that Balsamo's member oppression claim was time-barred.

### G. COUNT VIII – CIVIL CONSPIRACY

Balsamo argues that if this Court reverses the trial court's dismissal on any of his tort claims, the civil conspiracy claim would also survive. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Swain v Morse*, 332 Mich App 510,

---

[7] On appeal, Balsamo simply states, "For the reasons stated above, this claim accrued in 2018." Balsamo has not provided any analysis or relevant legal authority for this argument. Accordingly, we need not address this issue. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

530; 957 NW2d 396 (2020) (quotation marks and citation omitted). "Liability does not arise from a civil conspiracy alone; rather, it is necessary to prove a separate, actionable tort." *Id*. at 530 n 13. If a plaintiff fails to establish an underlying tort, the civil conspiracy claim must fail. *Advocacy Org for Patients & Providers v Auto Club Ins Ass'n*, 257 Mich App 365, 384; 670 NW2d 569 (2003), aff'd 472 Mich 91 (2005). As discussed above, the trial court properly dismissed all of Balsamo's claims that purportedly supported his civil conspiracy claim. Accordingly, we find that the trial court properly dismissed his civil conspiracy claim.

## IV. FRAUDULENT CONCEALMENT

Balsamo argues the trial court erred in finding that he failed to plead specific acts or misrepresentations that precluded him from discovering his claims and thus was not entitled to tolling of the applicable statutes of limitations based on fraudulent concealment. We disagree.

MCL 600.5855 permits the tolling of a statutory limitations period for two years if the defendant has fraudulently concealed the existence of a claim:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

"Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (cleaned up). To invoke tolling under the fraudulent-concealment statute, a "plaintiff must plead in the complaint the acts or misrepresentations that comprised the fraudulent concealment" and "prove that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery." *Sills v Oakland Gen Hosp*, 220 Mich App 303, 310; 559 NW2d 349 (1996). "If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statute, and in this behalf a party will be held to know what he ought to know . . . ." *Doe*, 264 Mich App at 643 (cleaned up).

In his first amended complaint, Balsamo makes the following allegations:

> 34.    . . . All defendants continued to make a series of false representations to Plaintiff as to why he had to continue to waiting to restore his interest on Dalcoma's books and records, which Plaintiff relied upon. Plaintiff has now learned that these were false statements made by Defendants in an effort to unlawfully convert Plaintiff's membership interest in Dalcoma.

> 35.    Defendants continue to make excuses and false representations as to why the "time is not right" to return Plaintiff's interest in Dalcoma.

\* \* \*

-8-

43.     Plaintiff just recently learned of the fraud and had no way of discovering the fraud prior to recent discussions with Defendants, individuals familiar with Defendants, and review of documents received in response to certain complaints filed in 2020.

These were the only allegations contained in Balsamo's first amended complaint pertaining to fraud or misrepresentations. Balsamo did not cite MCL 600.5855 in his complaint. Balsamo did not claim that defendants affirmatively acted or made misrepresentations to prevent him from discovering his alleged claims. Balsamo claimed that defendants fraudulently induced him into allowing his membership interest to be removed from Dalcoma's records and assigned to Randazzo. These allegations do not support a claim that defendants acted fraudulently to conceal Balsamo's potential cause of action. Balsamo failed to allege or support that defendants "engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery." *Prentis Family Foundation*, 266 Mich App at 48. Moreover, Balsamo was aware that he had not received 50% of any money that Randazzo may have received for his membership interest since 2009. Consequently, Balsamo failed to plead a claim of fraudulent concealment that would have tolled the applicable statutes of limitations for his claims.

Finally, Balsamo asserts that even if his claims were barred by the statutes of limitations, he should still be allowed to proceed with his tort claims and breach of contract claims to collect distributions that he would have been entitled to within three years and six years of filing this action. We disagree. Balsamo has simply stated this proposition in a singular sentence. He has failed to provide any analysis or relevant legal authority for this argument. Accordingly, we need not address this issue and decline to do so. See *Wilson*, 457 Mich at 243.

Affirmed.


                                        /s/ Sima G. Patel
                                        /s/ Mark J. Cavanagh
                                        /s/ James Robert Redford