*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELBURN K CARPENTER,

UNPUBLISHED
November 21, 2023

Plaintiff-Appellant,

v

No. 364675
Kent Circuit Court
CEDAR SPRINGS MOBILE HOME
ESTATES/SLP SALES, INC.,

LC No. 22-010202-NZ

Defendant-Appellee.

Before: MURRAY, P.J., and CAMERON and PATEL, JJ.

PER CURIAM.

Plaintiff, Melburn Carpenter, appeals as of right the trial court's order granting summary disposition to defendant, Cedar Springs Mobile Home Estates/SLP Sales, Inc., pursuant to MCR 2.116(C)(4) and (7). The trial court concluded that Carpenter's claims against Cedar Springs were barred by the three-year period of limitations, MCL 600.5805(2), and res judicata. The court also held that Carpenter failed to establish that the amount in controversy exceeded the circuit court's $25,000 jurisdictional threshold and thus the court lacked jurisdiction. We affirm.

## I. BACKGROUND

This matter began in 2012 in the 63rd District Court as a landlord-tenant dispute involving a mobile home.[1] Cedar Springs obtained an order for eviction against Carpenter on August 29, 2012. Since then, Carpenter has filed multiple actions against various parties, including several against Cedar Springs. In February 2013, Carpenter filed an action for claim and delivery against Cedar Springs in the 63rd District Court, which was dismissed without prejudice on April 25, 2013.[2] On April 23, 2013, Carpenter filed an action for claim and delivery against Cedar Springs

---

[1] The case was assigned case number 2012-D125018LT-LT.

[2] The case was assigned case number 2013-D131311GC-GC.

in the Kent Circuit Court, which was dismissed with prejudice on May 2, 2014.[3] Carpenter's motions for reconsideration and for new trial and/or relief from judgment were denied, and the matter was closed on May 11, 2015.

On August 26, 2014, Cedar Springs obtained title to the mobile home. Two years later, on September 6, 2016, Carpenter filed another action against Cedar Springs in the 63rd District Court, seeking $15,000 in damages.[4] Although Carpenter initially obtained a default judgment against Cedar Springs in the amount of $15,050, the default was set aside[5] and the case was dismissed with prejudice on December 20, 2016. Carpenter filed a motion for reconsideration, which was denied.

On October 31, 2022, Carpenter commenced this action alleging that Cedar Springs "committed illegal actions by padlocking [him] out of [his] home" in violation of MCL 600.2918 (commonly referred to as the "anti-lockout statute"), violated MCL 750.115 by "breaking and entering" his mobile home, "committed larcny [sic]" in violation of MCL 750.356, wrongfully converted his personal property, and "illegally rented" his mobile home. Carpenter alleged that there were prior judgments and orders awarding him possession of the mobile home. Carpenter maintained that Cedar Springs was "illegally collecting proceeds and still renting plaintiff['s] home out . . . ." He further asserted that Cedar Springs knowingly bought, received, and possessed converted property. Carpenter did not seek a money judgment. Instead, he sought to enforce judgments and orders that were allegedly entered by the 63rd District Court.

On the same date, Carpenter filed a "Motion to Enforce 63rd Court Judgment's [sic] and Court Order's [sic] Already Entered and Ordered [sic] Are in Place." Carpenter's motion referred to a December 12, 2013 "order" allegedly "entered" by the 63rd District Court in a 2013 landlord tenant matter that authorized his eviction of the occupants of the mobile home and gave him possession of the mobile home.[6] Carpenter attached numerous documents to his motion, but none of the documents was an order or judgment enforceable against Cedar Springs.

In lieu of answering Carpenter's complaint, Cedar Springs filed a motion to dismiss under MCR 2.116(C)(4) and (7) arguing that Carpenter's claims were below the circuit court's jurisdictional threshold, were barred by res judicata, and were filed after the three-year limitations period. Carpenter did not respond to the motion. After a hearing, the trial court issued an opinion

---

[3] The case was assigned case number 13-03685-PD.

[4] The case was assigned case number 2016-D16C05282-GC.

[5] Carpenter filed a claim of appeal in this Court, attempting to appeal the district court's order setting aside the default judgment. But the claim of appeal was dismissed for lack of jurisdiction under MCR 7.203(A)(l)(a). *Carpenter v Cedar Springs Mobile Estates Sales*, unpublished order of the Court of Appeals, entered December 6, 2016 (Docket No. 335800).

[6] Carpenter relied on several district court transcripts as "orders" of the court granting him possession of the mobile home. But "a court speaks through its written orders and judgments, not through its oral pronouncements." *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009). The former occupants are not parties to this matter.

and order granting Cedar Springs's motion to dismiss. The court held that Cedar Springs was entitled to summary disposition under MCR 2.116(C)(4):

> Michigan circuit courts are courts of general jurisdiction that handle civil cases where the amount in controversy exceeds $25,000. Michigan district courts have exclusive jurisdiction of civil actions where the amount in controversy does not exceed $25,000. MCL 600.8301. Plaintiff does not state an amount in controversy in his complaint. Defendant asserts that Plaintiff previously valued the mobile home property at issue at $15,000 while under oath in one of the previous actions. Plaintiff additionally alleges Defendant stole his personal belongings, but again, does not provide an amount. Plaintiff has failed to establish the amount in controversy exceeds the jurisdictional threshold of $25,000. Therefore, this Court does not have jurisdiction, and summary disposition is proper pursuant to MCR 2.116(C)(4).

The court also found that Cedar Springs was entitled to summary disposition under MCR 2.116(C)(7):

> First, the injuries alleged by Plaintiff are all injuries to persons or property. Actions to recover damages for injuries to persons or property must be brought within 3 years after the time of the injury. MCL 600.5805(l)-(2). All actions being alleged in his complaint occurred in 2013, or at the latest, in 2014. Therefore, Plaintiff s claims are far outside the statute of limitations, and summary disposition is proper pursuant to MCR 2.116(C)(7).

> Second, summary disposition is also proper pursuant to MCR 2.116(C)(7) under the principle of res judicata. All matters at issue in this case have already been raised in previous legal actions with judgments entered. Plaintiff is not raising any new claims or facts in the instant case. All allegations stated in his complaint have been thoroughly litigated in the various legal proceedings he has already pursued regarding this matter. Therefore, this action is barred, and summary disposition is proper pursuant to MCR 2.116(C)(7).

This appeal followed.

## II. ANALYSIS

Carpenter argues that the trial court erred by granting summary disposition in favor of Cedar Springs under MCR 2.116(C)(4) and (7). We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition is appropriate under MCR 2.116(C)(7) when a claim is barred by a statute of limitations. As this Court has explained:

When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

Whether a statute of limitations bars a claim is a question of law that this Court reviews de novo when the underlying facts are not disputed. *O'Leary v O'Leary*, 321 Mich App 647, 651; 909 NW2d 518 (2017).

Carpenter alleges that Cedar Springs wrongfully locked him out of his mobile home in violation of MCL 600.2918. A claim for damages for a violation of the anti-lockout statute "must be commenced within 1 year after the time the cause of action arises." MCL 600.2918(8). The claim accrues when the wrong upon which the claim is based is done, not when damage results. MCL 600.5827. Carpenter's motion to enforce judgments and orders included an April 21, 2013 police report wherein he reported that Cedar Springs placed a padlock on the mobile home. Carpenter's claim accrued, at the latest, in April 2013. He commenced this action on October 31, 2022, which is after the expiration of the one-year statute of limitations and thus his claim under the anti-lockout statute is barred.

Carpenter also alleges that Cedar Springs wrongfully converted his personal property. The limitations period for a claim of conversion of property is three years. MCL 500.5805(2); *Tillman v Great Lakes Truck Ctr, Inc*, 277 Mich App 47, 50; 742 NW2d 622 (2007). This Court has "defined conversion as any distinct act of dominion wrongfully exerted over another's personal property." *Brennan v Edward D Jones & Co*, 245 Mich App 156, 158; 626 NW2d 917 (2001) (cleaned up). A conversion "occurs at the point that such wrongful dominion is asserted." *Id*. (cleaned up).

In this case, Carpenter alleges that Cedar Springs illegally rented his mobile home out to occupants. He further alleges that he was granted possession of the mobile home in December 2013 and was granted judgments against the former occupants of the mobile home in 2014. Cedar Springs obtained title to the mobile home on August 26, 2014. Viewing the facts in the light most favorable to Carpenter, his conversion claim accrued in 2013, or 2014 at the latest. He commenced

this action on October 31, 2022, which is well beyond the three-year statute of limitations. Accordingly, we find that the trial court did not err by granting summary disposition in favor of Cedar Springs under MCR 2.116(C)(7).[7]

Affirmed.

/s/ Christopher M. Murray
/s/ Thomas C. Cameron
/s/ Sima G. Patel

---

[7] The trial court also found that Cedar Springs was entitled to summary disposition under MCR 2.116(C)(7) because Carpenter's claims against Cedar Springs were barred by res judicata. It is not necessary for us to review this ground for dismissal because it is clear that Carpenter filed this action after the expiration of the applicable limitations periods and thus the trial court did not err by dismissing Carpenter's claims under MCR 2.116(C)(7). For the same reasons, we will not review whether the trial court erred by finding that Cedar Springs was entitled to summary disposition under MCR 2.116(C)(4).